1  ROBERT WEISS (SBN 118842)
   Email: rweiss@narvidscott.com
2  **NARVID SCOTT LLP**
   15165 Ventura Blvd., Suite 315
3  Sherman Oaks, CA 91403-3373
   Voice: (818) 907-8986 ext. 129
4  Fax: (818) 907-9896

5  CRAIG A. GELFOUND (SBN 176378)
   Email: craig.gelfound@arentfox.com
6  **ARENT FOX LLP**
   555 West Fifth Street, 48th Floor
7  Los Angeles, California 90013-1065
   Telephone: 213.629.7400
8  Facsimile:  213.629.7401

9  Attorneys for Defendants and Counterclaimants
   KIM LISA TAYLOR and SYNDICATION
10 ATTORNEYS, PLLC

11                    UNITED STATES DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  TROWBRIDGE SIDOTI LLP, a California Limited Liability Partnership, | Case No. 8:16-CV-00771-ODW-SK |
| 15           Plaintiff and Counterclaim Defendant, | Assigned to the Honorable Otis D. Wright II |
| 16 | |
| 17  v. | **REPLY IN SUPPORT OF DEFENDANTS KIM LISA TAYLOR AND SYNDICATION ATTORNEYS PLLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST PLAINTIFF TROWBRIDGE SIDOTI LLP** |
| 18  KIM LISA TAYLOR and SYNDICATION ATTORNEYS, PLLC, a Florida Professional Limited Liability Company, | |
| 19 | |
| 20 | |
| 21          Defendants and Counterclaimants. | Date:  August 28, 2017<br>Time:  1:30 p.m.<br>Place: Courtroom 5D, 5th Floor, 350 W. 1st St, Los Angeles, CA 90012<br>Judge: Hon. Otis D. Wright II |
| 22 | |
| 23 | |
| 24 | |
| 25 | Pre-Trial Conf.: September 25, 2017<br>Trial:            October 17, 2017 |

26

27

28

# TABLE OF CONTENTS

Page

I. Introduction .......................................................................................... - 1 -
II. Argument ............................................................................................. - 2 -
   A. Plaintiff Admits the Asserted Marks Are Merely Descriptive ................. - 2 -
   B. Plaintiff Fails to Proffer Admissible Evidence of Secondary Meaning .... - 3 -
      1. Plaintiff Must Show that the Syndication Lawyers Marks *Have* Acquired Secondary Meaning, Not that They Are Capable of Doing So. ..................... - 3 -
      2. Plaintiff Has Failed to Introduce *Any* Admissible Evidence Proving the Syndication Lawyers Marks Have Acquired Secondary Meaning. .............. - 4 -
   C. Plaintiff's Remaining Arguments are Irrelevant Because the Syndication Lawyers Marks are Not Valid. ........................................................................ - 6 -
III. Conclusion ........................................................................................... - 6 -

# TABLE OF AUTHORITIES

**Page(s)**

*Burke–Parsons–Bowlby Corp. v. Appalachian Log Homes, Inc.*,
   871 F.2d 590 (6th Cir.1989) ................................................................................ 4

*Carter-Wallace, Inc. v. Procter & Gamble Co.*,
   434 F.2d 794 (9th Cir. 1970) ............................................................................... 5

*Celotex Corp. v. Catrett*,
   477 US 317 (1986) .............................................................................................. 2

*Credit One Corp. v. Credit One Financial, Inc.*,
   661 F.Supp.2d 1134 (C.D. Cal. 2009) ................................................................ 2

*Echo Drain v. Newsted*,
   307 F. Supp. 2d 1116 (C.D. Cal. 2003) .............................................................. 2

*Grupo Gigante SA De CV v. Dallo & Co.*,
   391 F.3d 1083 (9th Cir. 2004) ............................................................................ 5

*inc. v. Beef & Brew, Inc.*,
   389 F.Supp. 179 (D.Or.1974) ............................................................................. 3

*New West Corp. v. NYM Co. of Cal., Inc.*,
   595 F.2d 1194 (9th Cir.1979) ............................................................................. 2

*Parks and Recreation*,
   448 F.3d 1118 (9th Cir.2006) ............................................................................. 5

*Quoc Viet Foods, Inc. v. VV Foods, LLC*,
   192 F. Supp. 3d 1067 (C.D. Cal. 2016) ..................................................... 3, 5-6

*Raglin v. Stanback*,
   116 F.3d 485 (9th Cir. 1997) ........................................................................ 4, 5

**Statutes**

15 U.S.C. § 1125(a) ............................................................................................. *passim*

15 USCA §§ 1091-1096 ................................................................................................ 3

Cal. Bus. & Prof. Code § 17200 ................................................................................... 7

Defendants Kim Lisa Taylor ("Ms. Taylor") and Syndication Attorneys PLLC (collectively, "Defendants") hereby submit their Reply in Support of their Motion for Partial Summary Judgment Against Plaintiff Trowbridge Sidoti LLP ("Plaintiff") as follows:

## I. INTRODUCTION

The asserted unregistered marks, "Syndication Lawyers" and "SyndicationLawyers.com" (collectively, the "Syndication Lawyers Marks"), are merely descriptive, and Plaintiff has proffered no admissible evidence showing that they have acquired secondary meaning. The Syndication Lawyers Marks, therefore, are not valid marks, and Plaintiff's claims for violation of the Lanham Act and state law unfair competition laws fail as a matter of law. Plaintiff's Opposition attempts to distract from this unavoidable conclusion by grossly misinterpreting the legal definition of a valid mark and raising irrelevant arguments related to the domain names, willful infringement, likelihood of confusion, and abandonment. Such efforts are unavailing.

First, Plaintiff directly concedes that the Syndication Lawyers Marks are descriptive, but misstates the law by asserting that the marks are still valid because they *can* acquire secondary meaning. This is not the test. To assert a valid mark, Plaintiff must actually show that the mark acquired secondary meaning *before* Defendants started using the mark. Plaintiff has not submitted *any* admissible evidence establishing this fact. Instead, Plaintiff purports to rely upon conclusory statements about very general efforts to advertise the mark and presumes that this shows that consumers have come to associate Syndication Lawyers *primarily* with Plaintiff. Such statements do not carry the burden on summary judgment. Further, Ms. Taylor's use of a similar term to describe the legal services she provides cannot alone give rise to a finding of secondary meaning. As such, Plaintiff has failed to raise a triable issue of fact as to the validity of its asserted marks.

Second, because Plaintiff cannot sustain its burden of showing that the

asserted marks are entitled to trademark protection, its remaining arguments regarding willful infringement, likelihood of confusion, and abandonment have no relevance. Accordingly, Defendants are entitled to summary judgment on Plaintiff's Lanham Act claim for trademark infringement and related state law claims.

## II.     ARGUMENT

As set forth in Defendants' moving papers, to prevail on its Section 43(a) Lanham Act false designation of origin claim and related state law claims, Plaintiff "must show that it owns a valid mark, that the mark was used without its consent, and that such unauthorized use is likely to cause confusion, mistake, or deception." *Credit One Corp. v. Credit One Financial, Inc.*, 661 F.Supp.2d 1134, 1137 (C.D. Cal. 2009) (citing 15 U.S.C. §§ 1114, 1125; *New West Corp. v. NYM Co. of Cal., Inc.*, 595 F.2d 1194, 1198–1202 (9th Cir. 1979). "Summary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 US 317, 322 (1986). Here, Plaintiff lacks sufficient evidence to establish that the Syndication Lawyers Marks are valid, and therefore, cannot sustain its burden of proof on an essential element of its first three claims.

### A.     **Plaintiff Admits the Asserted Marks Are Merely Descriptive**

Terms that lack inherent distinctiveness are only entitled to trademark protective if they "'acquire[] secondary meaning in the minds of consumers, i.e., it has become distinctive of the trademark applicant's goods in commerce.'" *Echo Drain v. Newsted*, 307 F. Supp. 2d 1116, 1122 (C.D. Cal. 2003) (quoting *Filipino Yellow Pages, Inc. v. Asian Journal Publications, Inc*., 198 F.3d 1143, 1147 (9th Cir.1999). Here, Plaintiff irrefutably admits that the Syndication Lawyers Marks are "not inherently distinctive," and so there is no issue of fact. *See* Opposition 10:15. Accordingly, the Syndication Lawyers Marks are not valid because Plaintiff

- 2 -
DEFENDANTS' REPLY ISO MOTION FOR SUMMARY JUDGMENT
8:16-CV-00771-ODW-SK

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/15294541.2

has failed to produce evidence sufficient to support a finding of secondary meaning.

### B. **Plaintiff Fails to Proffer Admissible Evidence of Secondary Meaning**

Plaintiff entirely misconstrues the law on secondary meaning and fails to introduce any evidence showing that it can meet this essential element of its claim for trademark infringement.

#### 1. Plaintiff Must Show that the Syndication Lawyers Marks *Have* Acquired Secondary Meaning, Not that They Are Capable of Doing So.

Plaintiff mistakenly focuses on whether their marks "can acquire distinctiveness." Opposition 8:7 (capitalization conformed). Such a showing is patently insufficient. As the Court explained in *Quoc Viet Foods, Inc. v. VV Foods, LLC*, "'a senior user must prove the existence of secondary meaning in its designation *at the time and place* that the junior user began its use of that designation.'" 192 F. Supp. 3d 1067, 1073 (C.D. Cal. 2016) (citing McCarthy on Trademarks and Unfair Competition § 15:53) (emphasis added). This is a critical distinction. By its very nature, "[s]econdary meaning takes time to develop, and it is 'safe to say that no secondary meaning emerges full-blown at conception.'" *Id.* (citing *beef & brew, inc. v. Beef & Brew, Inc.*, 389 F. Supp. 179, 185 (D.Or. 1974) (citation omitted). Under Plaintiff's unsupported and erroneous theory of the law, any descriptive mark would be *immediately* protectable because it *could* acquire meaning. This false premise turns trademark law on its head.

In fact, the U.S. Patent and Trademark Office ("USPTO") explicitly distinguishes between *valid* marks listed on the Principal Register and "non-mark designations (such as descriptive words) that are only 'capable' of someday becoming a 'mark' upon the acquisition of secondary meaning" listed on the Supplemental Register. McCarthy § 19:33 (emphasis added); see also 15 USCA §§ 1091-1096. By electing to list the marks on the Supplemental Register rather than challenging the USTPO's finding of invalidity, Plaintiff has already essentially

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -
DEFENDANTS' REPLY ISO MOTION FOR SUMMARY JUDGMENT
8:16-CV-00771-ODW-SK

AFDOCS/15294541.2

conceded that its marks are only capable of *someday* acquiring secondary meaning.[1]  SUF 11, 13.

Even setting aside that admission, Plaintiff has failed to introduce evidence showing that it can meet is burden to prove secondary meaning.

### 2. Plaintiff Has Failed to Introduce *Any* Admissible Evidence Proving the Syndication Lawyers Marks Have Acquired Secondary Meaning.

Plaintiff not only misconstrues the law, but also fails to produce *any* admissible evidence that the Syndication Lawyers Mark acquired secondary meaning.  While there may be no fixed rule for making this determination, courts agree that "evidentiary burden necessary to establish secondary meaning is substantial." *Burke–Parsons–Bowlby Corp. v. Appalachian Log Homes, Inc.*, 871 F.2d 590, 596 (6th Cir. 1989).  Further, "[t]o survive summary judgment, the nonmoving party must produce evidence of sufficient caliber or quantity to allow a rational trier of fact to produce a verdict in its favor." *Raglin v. Stanback*, 116 F.3d 485 (9th Cir. 1997) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 254 (1986)).  Plaintiff does not carry this substantial burden.

First, Plaintiff correctly states that direct evidence of secondary meaning requires "actual testimony, declarations or surveys of consumers as to their state of mind," but Plaintiff, by its own admission, has not produced any such evidence.  Opposition at 8:14-15 (citing *In re Ennco Display Systems Inc.*, 56 USPQ2d 1279 (TTAB 2000)).  Indeed, it is undisputed that "Plaintiff has not disclosed any direct consumer testimony and survey evidence."  Plaintiff's response to SUF ¶ 35.

Second, Plaintiff attempts to raise issues of fact as to "circumstantial

---

[1] Defendants agree that listing SyndicationLawyers.com on the Supplemental Register leaves open the possibility of introducing evidence that shows that the asserted mark *later* acquired secondary meaning.  But again, a mark is not protected if it is only *capable* of acquiring secondary meaning.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -
DEFENDANTS' REPLY ISO MOTION FOR SUMMARY JUDGMENT
8:16-CV-00771-ODW-SK

AFDOCS/15294541.2

1  evidence"[2] by relying upon on conclusory and non-specific statements from Mr.
2  Trowbridge's declaration that (1) it "has established secondary meaning for the
3  mark through its industry presence and reputation;" (2) it "has spent substantial
4  time and money advertising its serves under the Mark;" and (3)
5  SyndicationLawyers.com is used synonymously with Plaintiff's firm.[3] Plaintiff is
6  associated in the real estate [sic]." *See* Opposition 9:17-21 (citing Plaintiff's Facts,
7  ¶¶ 20, 22-23 (paragraph 23 is incomplete in Plaintiff's original document)).
8  However, such conclusory statements are not sufficient, and "a court will not
9  presume missing facts." *Raglin v. Stanback*, 116 F.3d 485 (9th Cir. 1997) (citing
10 *Lujan v. National Wildlife Federation*, 497 U.S. 871, 889 (1990)).

   Moreover, evidence of advertising and marketing is only relevant if its shows
that it "creat[ed] an association" between Plaintiff's services and the name. *Parks
and Recreation*, 448 F.3d 1118, 1128 (9th Cir.2006). As such, Plaintiff's only
other cited evidence—the fact that a search on YouTube for "Syndication Lawyers"
returns videos of Mr. Trowbridge discussing syndication law—does not carry
Plaintiff's burden to show an association between itself and the asserted marks.

   Third, Plaintiff's only remaining grounds for asserting secondary meaning is
evidence of Ms. Taylor's alleged copying,[4] but such evidence alone does not and

---

[2] Plaintiff improperly dismisses as irrelevant and cumulative evidence the fact that other third parties use the term syndication lawyer. This is far from irrelevant evidence as not only demonstrates that the purported marks are descriptive, but it also shows that the Syndication Lawyers Marks do not denote a "a single thing coming from a single source," i.e. the test for secondary meaning. *Carter-Wallace, Inc. v. Procter & Gamble Co.*, 434 F.2d 794, 802 (9th Cir. 1970).

[3] Plaintiff erroneously states that Ms. Taylor admitted that SyndicationLawyers.com was used synonymously with Trowbridge & Taylor. Ms. Taylor actually testified that the firm itself in a single document used the firm name Trowbridge & Taylor synonymously with SyndicationLawyers.com. Response to Plaintiff's Facts 12. This evidence is irrelevant because the firm's use of the mark in its own documents does not evidence secondary meaning.

[4] Defendants further note that Plaintiff erroneously cites *Grupo Gigante SA De CV v. Dallo & Co., Inc.* for the proposition that "Defendants' intentional conduct is also factor indicating that the Mark has acquired secondary meaning." Opposition at 7:5-6 (citing 391 F.3d 1088, 1098 (9th Cir. 2004). *Grupo Gigante SA De CV* actually stands for the proposition that intentional copying

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -
DEFENDANTS' REPLY ISO MOTION FOR SUMMARY JUDGMENT
8:16-CV-00771-ODW-SK

AFDOCS/15294541.2

cannot suffice without some evidence that consumers associate the purported mark with the source of services. Much like in the *Quoc Viet Foods, Inc.* case, here, there is no evidence that the public associates the purported mark with Plaintiff. 192 F. Supp. 3d at 1079. As such, alleged copying does not support a finding of secondary meaning.

In sum, Plaintiff has introduced no direct evidence of secondary meaning and otherwise relies upon conclusory statements masquerading as actual circumstantial evidence of secondary meaning. This leaves only evidence that Ms. Taylor uses a term similar to the purported marks—which cannot, as a matter of law, sustain Plaintiff's burden. *Quoc Viet Foods, Inc.*, 192 F. Supp. 3d at 1079. Because the Syndication Lawyers Marks are merely descriptive and Plaintiff has not introduced "evidence of sufficient caliber or quantity to allow a rational trier of fact" to conclude they have acquired secondary meaning, Plaintiff cannot prove the asserted marks are valid.

### C. **Plaintiff's Remaining Arguments are Irrelevant Because the Syndication Lawyers Marks are Not Valid.**

Without a valid mark, Plaintiff has no basis for asserting a trademark infringement claim under Section 43(a) of the Lanham Act or the related state law unfair competition laws. Plaintiff's arguments regarding willful infringement, likelihood of confusion, and abandonment, thus, have no bearing on the instant motion.

### III. CONCLUSION

The undisputed facts conclusively demonstrate that Plaintiff cannot prove that the marks at issue are protected by the Lanham Act or any other law. Accordingly, Defendants are entitled to summary judgment as to each of the following of Plaintiff's claims: First Claim for Relief (False Designation of Origin

---

is a factor in determining whether a foreign trademark qualifies for famous-mark exception to the territoriality rule. It is, thus, inapposite.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -
DEFENDANTS' REPLY ISO MOTION FOR SUMMARY JUDGMENT
8:16-CV-00771-ODW-SK

AFDOCS/15294541.2

1  – 15 U.S.C. § 1125(a) (i.e., their Lanham Act claim); Second Claim for Relief
2  (State Law Unfair Competition – Cal. Bus. & Prof. Code § 17200); and Third
3  Claim for Relief (Common Law Unfair Competition).

Dated:  August 14, 2017

**ARENT FOX LLP**
CRAIG A. GELFOUND

**NARVID SCOTT LLP**
ROBERT WEISS

By: */s/Craig A. Gelfound*
CRAIG A. GELFOUND
Attorneys for Defendants and
Counterclaimants
KIM LISA TAYLOR AND
SYNDICATION ATTORNEYS, PLLC

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -
DEFENDANTS' REPLY ISO MOTION FOR SUMMARY JUDGMENT
8:16-CV-00771-ODW-SK

AFDOCS/15294541.2