**O**

# United States District Court
# Central District of California

| | |
|---|---|
| TROWBRIDGE SIDOTI LLP, | Case № 8:16-cv-00771-ODW-SK |
| Plaintiff/Counterdefendant, | |
| v. | **ORDER DENYING PLAINTIFF/COUNTERDEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT [29] AND GRANTING DEFENDANTS/COUNTER CLAIMANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [30]** |
| KIM LISA TAYLOR and SYNDICATION ATTORNEYS, PLLC, | |
| Defendants/Counter Claimants. | |

## I.   INTRODUCTION

In this suit and countersuit over the ownership of the domain name SyndicationLawyers.com (and related domains and brand names), both sides have moved for partial summary judgment on certain causes of action.  (ECF Nos. 29, 30.) For the reasons discussed below, the Court **DENIES** Plaintiff Trowbridge Sidoti LLP's motion and **GRANTS** Defendants' motion.[1]

---

[1] After considering papers filed in support of and in opposition to the motions, the Court deemed them appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II.   FACTUAL BACKGROUND

The parties in this case have a tangled history with one another. Plaintiff/Counterdefendant Trowbridge Sidoti LLP is a law firm headquartered in Lake Forest, California. (Compl. ¶ 8, ECF No. 1; Trowbridge Decl. ¶ 2, ECF No. 29-4.) The two partners of the firm are Eugene Trowbridge and Jillian Sidoti.[2] (*See* Compl. ¶¶ 10, 20.) Defendant/Counter Claimant Kim Lisa Taylor is an attorney who currently owns a Florida law firm called Syndication Attorneys, PLLC, which is also named as a Defendant/Counter Claimant in this case.[3] (Countercl. ¶ 23, ECF No. 11.) Prior to forming Syndication Attorneys, PLLC, Kim Lisa Taylor worked for Eugene Trowbridge as a contract attorney beginning in 2008. (*Id.* ¶ 8.) Eugene Trowbridge's practice was at that time a sole proprietorship. (*Id.*; Compl. ¶ 10.)

Eugene Trowbridge claims to have reimbursed her for the transaction, but Kim Lisa Taylor states that she has no recollection of being reimbursed for the cost. (*See* Taylor Decl. ¶ 9, ECF No. 52-2.) In September 2009, Eugene Trowbridge and Kim Lisa Taylor officially formed a partnership called Trowbridge & Taylor LLP. (Compl. ¶ 11;

---

[2] To avoid confusion with the firm names of Trowbridge Sidoti LLP, Trowbridge Taylor & Sidoti LLP, and Trowbridge & Taylor LLP, the Court will refer to Eugene Trowbridge, Jillian Sidoti, and Kim Lisa Taylor by their full names.

[3] Defendants/Counter Claimants Kim Lisa Taylor and Syndication Attorneys PLLC will be collectively referred to as "Defendants."

2

Registered Limited Liability Partnership Registration, Taylor Dep., Vol. I, Ex. 4.)

In or around January 2014, Jillian Sidoti joined Eugene Trowbridge and Kim Lisa Taylor to form Trowbridge, Taylor & Sidoti LLP ("TTS LLP").  (Trowbridge Decl. ¶ 7.)  Also in January 2014, TTS LLP began using SyndicationLawyers.com for its website.  (*Id.* ¶ 8.)  The ownership of this website name, in addition to the use of the terms Syndication Attorney and Syndication Lawyers, are the subjects of the claims and counterclaims in this action.

On March 21, 2016, Kim Lisa Taylor notified Eugene Trowbridge and Jillian Sidoti that she would be withdrawing from TTS LLP to form a new law firm in Florida.  (Taylor Dep., Vol. II, Ex. 26.)  At the same time, she proposed using the SyndicationLawyers.com domain name to cross-market her new firm with Trowbridge Sidoti LLP.  (*Id.*) Kim Lisa Taylor then removed TTS LLP's website from the server hosting SyndicationLawyers.com and discontinued e-mails directed to addresses identified by that domain name.  (Taylor Dep. at 175–76.)

This litigation ensued.  Trowbridge Sidoti LLP claims that the SyndicationLawyers.com domain name is partnership property, as it was paid for using partnership funds and intended by all three relevant principals (Eugene Trowbridge, Kim Lisa Taylor, and Jillian Sidoti) to be partnership property.  However, Kim Lisa Taylor advances additional facts and evidence she claims support her ownership of the domain name.   She asserts that her husband, Christopher Guillet, suggested to her in 2008 that she market her services under the domain name SyndicationLawyer.com (singular).  (Taylor Decl. ¶ 2.)  On or about April 24, 2008, Guillet purchased and registered that domain name.  (*Id.*)  Kim Lisa Taylor used it for

her private practice between April 24, 2008, and January 1, 2010.  (*Id.* ¶ 3.)  Kim Lisa Taylor purchased and registered the domain name SyndicationLawyers.com (plural) on June 1, 2009, in her own name.  (Trowbridge Decl., Ex. A; Taylor Decl. ¶ 6.)  Kim Lisa Taylor claims that she "never transferred the registration to another name and thus, never otherwise transferred ownership."  (Taylor Decl. ¶ 6.)

In addition to the dispute over who owns SyndicationLawyers.com and whether Kim Lisa Taylor converted the property without authorization when she shut down the site, Trowbridge Sidoti LLP is also suing Kim Lisa Taylor and Syndication Attorneys, PLLC under a theory of unfair competition.  Trowbridge Sidoti LLP's Complaint states claims for false designation of origin under Section 43 of the Lanham Act (15 U.S.C. § 1125(a)), state law unfair competition pursuant to California Business and Professions Code § 17200, and common law unfair competition.  (Compl. ¶¶ 35, 37–40.)  These claims are based on Kim Lisa Taylor and Syndication Attorneys, PLLC's use of the term "Syndication Attorney(s)" in business, which Trowbridge Sidoti LLP claims is confusingly similar to its "Syndication Lawyers" marks."  (*Id.* ¶ 33.)  In 2016, Trowbridge Sidoti LLP applied to the United States Patent and Trademark Office ("PTO") to register the design mark SyndicationLawyers.com, and the PTO rejected it due to its being a merely descriptive (not distinctive) mark.  (Gelfound Decl. ¶ 2, Ex. A, ECF No. 33-2.)

The parties' cross-motions for partial summary judgment are now pending before this Court.  Trowbridge Sidoti LLP's motion seeks summary judgment as to its fourth claim for conversion and as to Defendants' first counterclaim for a declaratory judgment.  (Pl. Mot. for Partial Summ. J. ("Pl. MPSJ"), ECF No. 29.)  Defendants' motion asks the Court to enter summary judgment as to Trowbridge Sidoti LLP's unfair competition claims (its first through third causes of action).  (Defs. Mot. for Partial Summ. J. ("Defs. MPSJ"), ECF No. 30.)

### III.   LEGAL STANDARD

"The court shall grant summary judgment [or partial summary judgment] if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a).  A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  *See id.*  On an issue as to which the nonmoving party will have the burden of proof, however, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case.  *See id.*

If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In evaluating the evidence presented in support of or in opposition to summary judgment, the court does not make credibility determinations or weigh conflicting evidence.  Rather, it draws all inferences in the light most favorable to the nonmoving party.  *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987).  However, conclusory or speculative testimony is insufficient to meet this burden or to raise genuine issues of fact defeating summary judgment.  *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996).

### IV.   PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Trowbridge Sidoti LLP asks this Court to find as a matter of law that it owns the domain name SyndicationLawyers.com.  That question of ownership would be dispositive of Defendants' first cause of action for a declaratory judgment, as well as necessary for a finding that Kim Lisa Taylor unlawfully converted Trowbridge Sidoti

1  LLP's property (Trowbridge Sidoti LLP's fourth cause of action).  Because the Court
2  cannot make this determination as a matter of law, it **DENIES** Trowbridge Sidoti
3  LLP's motion on both counts.

4  **A.  Legal Standard for Partnership Property**

5      Though the parties advance several theories regarding ownership of the domain
6  name SyndicationLawyers.com, they can all be boiled down to whether the domain
7  name should be properly classified as partnership property or the separate property of
8  Kim Lisa Taylor.

9  The California Corporations Code defines partnership property simply as "property
10 acquired by a partnership."  Cal. Corp. Code § 16203.  It explains that such property is
11 property of the partnership and not of the partners individually.  *Id.*  There are several
12 ways that a partnership can acquire property.  If it is acquired in the name of the
13 partnership or in the name of "one or more partners with an indication in the
14 instrument transferring title to the property of the person's capacity as a partner or the
15 existence of a partnership but without an indication of the name of the partnership,"
16 then it is partnership property.  *Id.* at § 16204(a)(1)–(2).  In addition, property
17 becomes partnership property by transfer if the transfer is made to (1) the partnership
18 in its name, or (2) "one or more partners in their capacity as partners in the
19 partnership, if the name of the partnership is indicated in the instrument transferring
20 title to the property."  *Id.* at § 16204(b)(1)–(2).  Further, if partnership assets are used
21 to purchase property, that property is presumed to be partnership property even if not
22 acquired in the name of the partnership.  *Id.* at § 16204(c).  If property is acquired in
23 the name of one or more of the partners, without an indication in the instrument
24 transferring title to the property of the existence of the property and without using
25 partnership assets, that property is presumed to be separate (non-partnership) property,
26 even if used for partnership purposes.  *Id.* at § 16204(d).  The Bankruptcy Appellate
27 Panel for the Ninth Circuit has stated that "[p]artnership property also does not need to
28 be purchased with partnership funds but rather . . . is determined by the understanding

1   and intention of the partners." *In re Fair Oaks, Ltd.*, 168 B.R. 397, 402 (9th Cir. BAP

2   1994) (citing *Perelli-Minetti v. Lawson*, 205 Cal. 642, 648 (1928)).**B.   Analysis**

3          The evidence presented here cuts in both directions and does not definitively

4   establish ownership as a matter of law.

5

6

7

8

9

10

11

12

13          Moreover, Kim Lisa Taylor was not a partner nor had Trowbridge & Taylor LLP

14   been created at the time she purchased the domain name.  (*Compare id.*, *with*

15   Registered Limited Liability Partnership Registration, Taylor Dep., Vol. I, Ex. 4, ECF

16   No. 39-2.)

17

18

19          Defendants also dispute Trowbridge Sidoti LLP's characterization of each

20   successive version of the firm (Eugene Trowbridge, sole proprietorship; Trowbridge

21   & Taylor, LLP; TTS LLP; and the present version, Trowbridge Sidoti LLP) as a

22   successor in interest of the one before it.  (Opp'n to Pl. MPSJ 12–14, ECF No. 52.)

23   However, the Court determines that this issue is not material at this juncture.  The

24   Court cannot determine as a matter of law that SyndicationLawyers.com was ever

25   partnership property, and thus the issue of whether that partnership successively

26   transformed into the current iteration, Trowbridge Sidoti LLP, is not relevant to this

27   ruling.

28          In sum, the available evidence creates a genuine dispute of fact as to whether

the domain name SyndicationLawyers.com is partnership property or the separate property of Kim Lisa Taylor.  This dispute is material as to the causes of action on which Trowbridge Sidoti LLP seeks summary judgment: its own cause of action for conversion and Defendants' cause of action for a declaratory judgment.  Thus, the Court **DENIES** Trowbridge Sidoti LLP's motion.

## V.   DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants argue that the Court should determine as a matter of law that Trowbridge Sidoti LLP cannot prevail on its unfair competition claims.  The Court agrees that summary judgment is appropriate on these claims and **GRANTS** Defendants' motion.

Trowbridge Sidoti LLP's first, second, and third causes of action are all premised on its allegation that it owns a trademark for the phrase "Syndication Lawyers."  (*See* Compl. ¶ 33.)  In order to allege that Defendants violated various unfair competition laws based on their use of the "confusingly similar" marks "Syndication Attorney(s)," then, the validity of Trowbridge Sidoti LLP's mark is a necessary element.  (*Id.*); *see Credit One Corp. v. Credit One Fin., Inc.*, 661 F. Supp. 2d 1134, 1137 (C.D. Cal. 2009).  Trowbridge Sidoti LLP cannot prove that element.

## A.   Legal Standard for Proving Ownership of a Trademark

The standard test of trademark ownership is priority of use.  *Sengoku Works v. RMC Int'l*, 96 F.3d 1217, 1219 (9th Cir. 1996).  Moreover, "federal registration of a trademark constitutes prima facie evidence of the validity of a registered mark." *Quiksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 744 (9th Cir. 2006) (internal brackets omitted).  If another party claims that it owns the mark, however, it may rebut this presumption with evidence establishing its own prior use in commerce.  *Dep't of Parks and Recreation for State of Cal. v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006).

But where there is no federal registration of a mark, a party can only prove ownership for purposes of the Lanham Act and other unfair competition laws if the

1    mark is distinctive (not merely descriptive) or has acquired secondary meaning in the

2    market in connection with a person or entity's goods in commerce.  *See, e.g.*,

3    *Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010).

4    **B.      Analysis**

5          Here, all of the available evidence demonstrates that Trowbridge Sidoti LLP

6    does not have an ownership interest in the mark "Syndication Lawyers."  In July 2016,

7    the PTO refused to register the mark based on its finding that the mark was "merely

8    descriptive."  (Gelfound Decl. ¶ 2, Ex. A.)  Thus, it is not entitled to a presumption of

9    ownership.  *See Quiksilver*, 466 F.3d at 744.

10          Trowbridge Sidoti LLP responded to the PTO's finding by claiming that the

11    mark had become descriptive through its five years' use in commerce.  (Gelfound

12    Decl. ¶ 2, Ex. A.)  In response, the PTO concluded that the five years of use was

13    insufficient to show acquired distinctiveness because SyndicationLawyers.com "is

14    highly descriptive of [Trowbridge Sidoti LLP's] services" due to the fact that

15    Trowbridge Sidoti LLP is "engaging in SYNDICATION LAW or are

16    SYNDICATION LAWYERS." (*Id.*)  The PTO's refusal to register the mark occurred

17    less than one year ago, on December 5, 2016.  (*Id.*)  Trowbridge Sidoti LLP did not

18    submit further evidence of acquired distinctiveness to the PTO following this refusal.

19    (*Id.*)

20          Based on the above information, the Court gives deference to the PTO's finding

21    of non-distinctiveness and determines that SyndicationLawyers.com and the phrase

22    "Syndication Lawyers" are not valid trademarks for which Trowbridge Sidoti LLP is

23    entitled to protection.   Trowbridge Sidoti LLP attempts to argue that its unfair

24    competition claims should not be foreclosed as a matter of law because its mark "can"

25    acquire distinctiveness.  (Opp'n to Defs. MPSJ 8, ECF No. 43.)  However, it cites no

26    authority for the proposition that the ability or potential to acquire distinctiveness in

27    the future carries the right to prevent others from using the (currently non-distinctive)

28    mark in the present.   If that were the rule, any person or entity could essentially

reserve any non-distinctive mark just by claiming that it was possible for the mark to acquire secondary meaning, and thus distinctiveness, in the future.  The Court cannot allow such a result.

Trowbridge Sidoti LLP also argues that there is a genuine issue of fact as to whether the mark has acquired secondary meaning in the minds of the consuming public (*id.* at 9), but the Court finds that this argument is conclusory and disagrees with the sentiment.  Trowbridge Sidoti LLP would have to submit overwhelming evidence of secondary meaning to combat the recent PTO finding that the subject mark lacks distinctiveness, and it has failed to do so.  *See Anderson*, 477 U.S. at 252 ("[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [in a summary judgment proceeding]").  For these reasons, the Court finds that Trowbridge Sidoti LLP cannot as a matter of law prove its case for its unfair competition claims (its first through third causes of action).  Therefore, the Court **GRANTS** Defendants' motion.

## VI.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Trowbridge Sidoti LLP's motion for partial summary judgment (ECF No. 29) and **GRANTS** Defendant's motion for partial summary judgment (ECF No. 30).


**IT IS SO ORDERED.**


August 28, 2017


_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**