MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
Email: jmandour@mandourlaw.com
BEN T. LILA (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Facsimile: (858) 487-9390
Attorneys for plaintiff,
TROWBRIDGE SIDOTI LLP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROWBRIDGE SIDOTI LLP, a California Limited Liability Partnership, <br><br> Plaintiffs, <br><br> v. <br><br> KIM LISA TAYLOR, an individual; and SYNDICATION ATTORNEYS, PLLC, a Florida Professional Limited Liability Company, <br><br> Defendants. <br><br> KIM LISA TAYLOR and SYNDICATION ATTORNEYS, PLLC, a Florida Professional Limited Liability Company, <br><br> Counterclaimants, <br><br> v. <br><br> TROWBRIDGE SIDOTI LLP, a California Limited Liability Partnership, <br><br> Counterclaim Defendant. | Case No. 8:16-cv-00771-ODW-SK <br><br> **PLAINTIFF'S DISPUTED SET OF JURY INSTRUCTIONS** |

1        Plaintiff Trowbridge Sidoti LLP respectfully submits its set of jury

2 instructions.  Please note that defense counsel has stated that its computer system

3 is down and defendants were unable to provide their set of jury instructions.  Once

4 defense counsel's computer system is back on-line, defense counsel has stated he

5 will confer with plaintiff's counsel to resolve this issue.  In an abundance of

6 caution, plaintiff files its jury instruction set with the Court to comply with the

7 Court's scheduling order herewith.

8

9                        Respectfully submitted,

10

11 Dated: <u>September 18, 2017</u>    <u>     /s/ Ben T. Lila         </u>

12                          Ben T. Lila (SBN 246808)

13                          Email: blila@mandourlaw.com

14                          Attorneys for plaintiff and

15                          counterclaim defendant,

16                          TROWBRIDGE SIDOTI LLP

17

18

19

20

21

22

23

24

25

26

27

28

1
2

# INDEX

3

| Page | Instruction Number | Title |
|------|-------------------|-------|
| 6 | COURT'S INSTRUCTION NUMBER 1 | Duty of Jury |
| 8 | COURT'S INSTRUCTION NUMBER 2. | Duty of Jury |
| 10 | COURT'S INSTRUCTION NUMBER 3. | Burden of Proof - Preponderance of the Evidence |
| 12 | COURT'S INSTRUCTION NUMBER 4. | What is Evidence |
| 14 | COURT'S INSTRUCTION NUMBER 5. | What Is Not Evidence |
| 16 | COURT'S INSTRUCTION NUMBER 6. | Evidence for Limited Purpose |
| 18 | COURT'S INSTRUCTION NUMBER 7. | Direct and Circumstantial Evidence |
| 20 | COURT'S INSTRUCTION NUMBER 8. | Ruling on Objections |
| 22 | COURT'S INSTRUCTION NUMBER 9. | Credibility of Witnesses |
| 24 | COURT'S INSTRUCTION NUMBER 10. | Conduct of the Jury |
| 27 | COURT'S INSTRUCTION NUMBER 11. | No Transcript Available to Jury |
| 29 | COURT'S INSTRUCTION NUMBER __. | Read Back |
| 31 | COURT'S INSTRUCTION NUMBER 12. | Taking Notes |
| 33 | COURT'S INSTRUCTION NUMBER 13. | Bench Conferences and Recesses |
| 35 | COURT'S INSTRUCTION NUMBER 14. | Outline of Trial |
| 37 | COURT'S INSTRUCTION NUMBER 15. | Stipulations of Fact |
| 39 | COURT'S INSTRUCTION NUMBER 16. | Impeachment Evidence - Witness |
| 41 | COURT'S INSTRUCTION | Use of Interrogatories of a Party |

| | | |
|---|---|---|
| | NUMBER 17. | |
| 43 | COURT'S INSTRUCTION NUMBER 18. | Use of Requests For Admission |
| 45 | COURT'S INSTRUCTION NUMBER 19. | Expert Opinion |
| 47 | COURT'S INSTRUCTION NUMBER 20. | Charts and Summaries Not Received in Evidence |
| 49 | COURT'S INSTRUCTION NUMBER 21. | Charts and Summaries in Evidence |
| 51 | COURT'S INSTRUCTION NUMBER 22. | Evidence in Electronic Format |
| 54 | COURT'S INSTRUCTION NUMBER 23. | Two or More Parties - Different Legal Rights |
| 56 | COURT'S INSTRUCTION NUMBER 24. | Duty to Deliberate |
| 58 | COURT'S INSTRUCTION NUMBER 25. | Consideration of Evidence - Conduct of the Jury |
| 60 | COURT'S INSTRUCTION NUMBER 26. | Duties of Jury To Find Facts And Follow Law |
| 62 | COURT'S INSTRUCTION NUMBER 27. | Communication with Court |
| 64 | COURT'S INSTRUCTION NUMBER 28. | Return of Verdict |
| 66 | COURT'S INSTRUCTION NUMBER 29. | Judicial Notice |
| 68 | COURT'S INSTRUCTION NUMBER 30. | Corporations and Partnerships - Fair Treatment |
| 70 | COURT'S INSTRUCTION NUMBER 31. | Liability of Partnerships Scope of Authority Not in Issue |
| 72 | COURT'S INSTRUCTION NUMBER 32. | Agent and Principal—Definition |
| 74 | COURT'S INSTRUCTION NUMBER 33. | Agent – Scope of Authority Defined |
| 76 | COURT'S INSTRUCTION NUMBER 34. | Independent Contractor - Defined |
| 78 | COURT'S INSTRUCTION NUMBER 35. | General Partnership - Definition |
| 80 | COURT'S INSTRUCTION NUMBER 36. | Conversion - Essential Factual Elements |

| 82 | COURT INSTRUCTION NUMBER. 37. | Partnership Property |
|----|-------------------------------|----------------------|
| 84 | COURT INSTRUCTION NUMBER. 38. | Damages - Proof |
| 86 | COURT'S INSTRUCTION NUMBER 39. | Presumed Measure of Damages for Conversion |
| 89 | COURT'S INSTRUCTION NUMBER 40. | Damages - Mitigation |
| 91 | COURT INSTRUCTION NUMBER. 41. | Punitive Damages - Individual Defendant |
| 94 | COURT INSTRUCTION NUMBER. 42. | Burden of Proof - Clear and Convincing Evidence |
| 95 | COURT'S INSTRUCTION NUMBER ____. | Deadlocked Jury |

**COURT'S INSTRUCTION NUMBER 1.**

### Duty of Jury

(Court Reads Instructions Only)

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

AUTHORITY:

9th Cir. Civ. Jury Instr. 1.1B (2007)

**COURT'S INSTRUCTION NUMBER 2.**

**Duty of Jury**

(Court Reads and Provides Written Instructions at End of Case)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

AUTHORITY:

9th Cir. Civ. Jury Instr. 1.1C (2007)

**COURT'S INSTRUCTION NUMBER 3.**

### Burden of Proof – Preponderance of the Evidence

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

AUTHORITY:

9th Cir. Civ. Jury Instr. 1.3 (2007)

**COURT'S INSTRUCTION NUMBER 4.**

## What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of any witness;

2.      The exhibits which are received into evidence; and

3.      Any facts to which the lawyers have agreed.

AUTHORITY:

Model Civ. Jury Instr. 9th Cir. 1.6 (2007)

**COURT'S INSTRUCTION NUMBER 5.**

### What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1  AUTHORITY:

2  Model Civ. Jury Instr. 9th Cir. 1.7 (2007)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NUMBER 6.**

**Evidence for Limited Purpose**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

1  AUTHORITY:

2  Model Civ. Jury Instr. 9th Cir. 1.8 (2007)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 **COURT'S INSTRUCTION NUMBER 7.**

2

3 **Direct and Circumstantial Evidence**

4   Evidence may be direct or circumstantial.  Direct evidence is direct proof of

5 a fact, such as testimony by a witness about what that witness personally saw or

6 heard or did.  Circumstantial evidence is proof of one or more facts from which

7 you could find another fact.  You should consider both kinds of evidence.  The

8 law makes no distinction between the weight to be given to either direct or

9 circumstantial evidence.  It is for you to decide how much weight to give to any

10 evidence.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  AUTHORITY:

2  Model Civ. Jury Instr. 9th Cir. 1.9 (2007)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NUMBER 8.**

### Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

1  AUTHORITY:

2  Model Civ. Jury Instr. 9th Cir. 1.10 (2007)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NUMBER 9.**

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

AUTHORITY:

Model Civ. Jury Instr. 9th Cir. 1.11 (2007)

**COURT'S INSTRUCTION NUMBER 10.**

## Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.

But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do

any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately

AUTHORITY:

Model Civ. Jury Instr. 9th Cir. 1.12 (2007)

**COURT'S INSTRUCTION NUMBER 11.**

### No Transcript Available To Jury

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

AUTHORITY:

Model Civ. Jury Instr. 9th Cir. 1.13 (2007)

**COURT'S INSTRUCTION NUMBER __.**

**Read Back**

[NOTE TO COURT: If during jury deliberations a request is made by the jury or by one or more jurors for a read back of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, the Committee recommends the following admonition be given in open court with both sides present:]

Because a request has been made for a read back of the testimony of [witness's name] it is being provided to you, but you are cautioned that all read backs run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be read.] The read back could contain errors.  The read back cannot reflect matters of demeanor, tone of voice, and other aspects of the live testimony.  Your recollection and understanding of the testimony controls.  Finally, in your exercise of judgment, the testimony read cannot be considered in isolation, but must be considered in the context of all the evidence presented.

1  AUTHORITY:

2  Model Civ. Jury Instr. 9th Cir. 3.4 (2017)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NUMBER 12.**

### Taking Notes

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

AUTHORITY:

Model Civ. Jury Instr. 9th Cir. 1.14 (2007)

**COURT'S INSTRUCTION NUMBER 13.**

### Bench Conferences and Recesses

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

AUTHORITY:

Model Civ. Jury Instr. 9th Cir. 1.18 (2007)

**COURT'S INSTRUCTION NUMBER 14.**


**Outline of Trial**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

AUTHORITY:

Model Civ. Jury Instr. 9th Cir. 1.19 (2007)

**COURT'S INSTRUCTION NUMBER 15.**

## Stipulations of Fact

The parties have agreed to certain facts to be placed in evidence as Exhibit 300.  You should therefore treat these facts as having been proved.

AUTHORITY:

Model Civ. Jury Instr. 9th Cir. 2.2 (2007)

**COURT'S INSTRUCTION NUMBER 16.**

**Impeachment Evidence - Witness**

  The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

AUTHORITY:

9th Cir. Civ. Jury Instr. 2.8 (2007)

**COURT'S INSTRUCTION NUMBER 17.**

### Use of Interrogatories of a Party

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

AUTHORITY:

9th Cir. Civ. Jury Instr. 2.10 (2007)

**COURT'S INSTRUCTION NUMBER 18.**

### Use of Requests For Admission

Evidence was presented to you in the form of admissions to the truth of certain facts.  These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

Authority:

9th Cir. Civ. Jury Instr. 2.12 (2017)

**COURT'S INSTRUCTION NUMBER 19.**


<b>Expert Opinion</b>


You have heard testimony from Richard Balog and Steve Austin who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1   Authority:

2   9th Cir. Civ. Jury Instr. 2.13 (2017)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NUMBER 20.**

### Charts and Summaries Not Received in Evidence

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

AUTHORITY:

Model Civ. Jury Instr. 9th Cir. 2.12 (2007)

**COURT'S INSTRUCTION NUMBER 21.**

### Charts and Summaries in Evidence

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

AUTHORITY:

Model Civ. Jury Instr. 9th Cir. 2.13 (2007)

**COURT'S INSTRUCTION NUMBER 22.**

### Evidence in Electronic Format

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the clerk.)  If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury.  Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room [with [the clerk] [the bailiff] [me] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.]  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

1

2    The sole purpose of providing the computer in the jury room is to enable

3 jurors to view the exhibits received in evidence in this case.  You may not use the

4 computer for any other purpose.  At my direction, technicians have taken steps to

5 make sure that the computer does not permit access to the Internet or to any

6 "outside" website, database, directory, game, or other material.  Do not attempt to

7 alter the computer to obtain access to such materials.  If you discover that the

8 computer provides or allows access to such materials, you must inform me

9 immediately and refrain from viewing such materials.  Do not remove the

10 computer or any electronic data from the jury room, and do not copy any such

data.

1  AUTHORITY:

2  9th Cir. Civ. Jury Instr. 2.14 (2007)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NUMBER 23.**

**Two or More Parties – Different Legal Rights**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AUTHORITY:

9th Cir. Civ. Jury Instr. 1.8 (2017)

**COURT'S INSTRUCTION NUMBER 24.**

### Duty to Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

AUTHORITY:

9th Cir. Civ. Jury Instr. 3.1 (2007)

**COURT'S INSTRUCTION NUMBER 25.**


### Consideration of Evidence – Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

1 | AUTHORITY:

2 | 9th Cir. Civ. Jury Instr. 3.1A (2007)

**COURT'S INSTRUCTION NUMBER 26.**

### Duties of Jury To Find Facts And Follow Law

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Authority:   Ninth Cir. Manual of Model Jury Instructions 3.1 (West 2001)

**COURT'S INSTRUCTION NUMBER 27.**

## Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

1  AUTHORITY:

2  9th Cir. Civ. Jury Instr. 3.2 (2007)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NUMBER 28.**

### Return of Verdict

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

1

2  AUTHORITY:

3  9th Cir. Civ. Jury Instr. 3.3 (2007)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NUMBER 29.**

**Judicial Notice**

The court has decided to accept as proved the fact that [e.g., the city of San Francisco is north of the city of Los Angeles], even though no evidence has been introduced on the subject.  You must accept this fact as true.

Authority:  Ninth Cir. Manual of Model Jury Instructions 2.5 (West 2001)

**COURT'S INSTRUCTION NUMBER 30.**

### Corporations and Partnerships – Fair Treatment

All parties are equal before the law and a corporation or partnership is entitled to the same fair and conscientious consideration by you as any party.

AUTHORITY:

9th Cir. Civ. Jury Instr. 4.1 (2017)

**COURT'S INSTRUCTION NUMBER 31.**

**Liability of Partnerships**

**Scope of Authority Not in Issue**

A partnership can only act through its employees, agents, or partners. Therefore, a partnership is responsible for the acts of its employees, agents, and partners performed within the scope of authority

1 | AUTHORITY:

2 | 9th Cir. Civ. Jury Instr. 4.3 (2017)

**COURT'S INSTRUCTION NUMBER 32.**

### Agent and Principal—Definition

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal.  One may be an agent without receiving compensation for services.  The agency agreement may be oral or written.

AUTHORITY:

9th Cir. Civ. Jury Instr. 4.4 (2017)

**COURT'S INSTRUCTION NUMBER 33.**

**Agent – Scope of Authority Defined**

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

1   AUTHORITY:

2   9th Cir. Civ. Jury Instr. 4.5 (2017)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NUMBER 34.**

### Independent Contractor - Defined

An independent contractor is a person who performs services for another person under an express or implied agreement and who is not subject to the other's control of, or right to control, the manner and means of performing the services.

One who engages an independent contractor is not liable to others for the acts or omissions of the independent contractor.

1  AUTHORITY:

2  9th Cir. Civ. Jury Instr. 4.10 (2017)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NUMBER 35.**

**General Partnership - Definition**

A partnership is an association of two or more persons to carry on a business as co-owners. The members of a partnership are called partners.

1  AUTHORITY:

2  9th Cir. Civ. Jury Instr. 4.15 (2017)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NUMBER 36.**

## Conversion – Essential Factual Elements

Trowbridge Sidoti claims that Kim Taylor and Syndication Attorneys PLLC wrongfully exercised control over their personal property.  To establish this claims, Trowbridge Sidoti must prove all of the following:

1.      That Trowbridge Sidoti owned, possessed or had a right to possess the domain registrations at issue.

2.      That Kim Taylor or Syndication Attorneys PLLC intentionally and substantially interfered with Trowbridge Sidoti's property by one or more of the following:

taking possession of the domain registrations at issue; or,

preventing Trowbridge Sidoti from having access to the domain registrations; or,

refusing to return the domain registrations after Trowbridge Sidoti demanded their return.

3.      That Trowbridge Sidoti did not consent;

4.      That Trowbridge Sidoti was harmed; and,

5.      That Kim Taylor or Syndication Attorneys PLLC's conduct was a substantial factor in causing Trowbridge Sidoti's harm.

1
2
3  Authority:  CACI 2100
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COURT INSTRUCTION NUMBER. 37.**

### Partnership Property

Trowbridge & Taylor and Trowbridge Taylor & Sidoti were partnerships. Property acquired by a partnership is property of the partnership and not of the partners individually.  Property is presumed to be partnership property if purchased with partnership assets, even if not acquired in the name of the partnership or of one or more partners with an indication in the instrument transferring title to the property of the person's capacity as a partner or of the existence of a partnership. Partnership property also does not need to be purchased with partnership funds but rather partnership property is determined by the understanding and intention of the partners.

Authority:  Cal. Corp. Code § 16203. Cal. Corp. Code § 16204(c). *See also In re Fair Oaks Ltd.*, 168 B.R. 397, 402 (9th Cir.BAP1994) and *Stull v. Fox* 2010 WL 3895538, *8 (C.D. of Cal. October 4, 2010).

**COURT'S INSTRUCTION NUMBER 38.**

**Damages - Proof**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's conversion claim, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

AUTHORITY:

9th Cir. Civ. Jury Instr. 5.1 (2017)

**COURT'S INSTRUCTION NUMBER 39.**

**Presumed Measure of Damages for Conversion**

If you decide that Trowbridge Sidoti has proved its claim against Kim Taylor or Syndication Attorneys PLLC you also must decide how much money will reasonably compensate Trowbridge Sidoti for the harm. This compensation is called "damages."

Trowbridge Sidoti must prove the amount of its damages. However, Trowbridge Sidoti does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The following are specific items of damages claimed by Trowbridge Sidoti:

1. The fair market value of the domain registrations at the time Kim Taylor or Syndication Attorneys PLLC wrongfully exercised control over them; or Special Damages resulting from Kim Taylor or Syndication Attorneys PLLC's conduct; and,

2. Reasonable compensation for the time and money spent by Trowbridge Sidoti in attempting to recover the domain registrations.

In order to recover special damages, Trowbridge Sidoti must prove:

1. That Kim Taylor diverted business from Trowbridge Sidoti to Syndication Attorneys PLLC using the domain registrations;

2. That it was reasonably foreseeable that special injury or harm would result from the conversion; and,

3. That reasonable care on Trowbridge Sidoti's part would not have prevented the loss.

"Fair Market Value" is the highest price that a willing buyer would have paid to a willing seller, assuming:

1.      That there is no pressure on either one to buy or sell; and,

2.      That the buyer and seller know all the uses and purposes for which the domain registrations are reasonably capable of being used.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Authority:  CACI 2102; Cal. Civ. Code §3336

**COURT'S INSTRUCTION NUMBER 40.**

## Damages - Mitigation

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

AUTHORITY:

9th Cir. Civ. Jury Instr. 5.3 (2017)

**COURT INSTRUCTION NUMBER. 41.**

### Punitive Damages – Individual Defendant

If you decide that Kim Taylor's conduct caused Trowbridge Sidoti harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if Trowbridge Sidoti proves by clear and convincing evidence that Kim Taylor engaged in that conduct with malice, oppression, or fraud.

"Malice" means that Kim Taylor acted with intent to cause injury or that Kim Taylor's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Kim Taylor's conduct was despicable and subjected Trowbridge Sidoti to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Kim Taylor intentionally misrepresented or concealed a material fact and did so intending to harm Trowbridge Sidoti.

There is no fixed standard for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

(a) How reprehensible was Kim Taylor's conduct?

(b) Is there a reasonable relationship between the amount of punitive damages and Trowbridge Sidoti's harm?

(c) In view of Kim Taylor's financial condition, what amount is necessary to punish her  and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Kim Taylor has substantial financial resources.  Any award you impose may not exceed Kim Taylor's ability to pay.

Authority: CACI 3940, Cal. Civ. Code §3294

**COURT INSTRUCTION NUMBER. 42.**

### Burden of Proof – Clear and Convincing Evidence

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**COURT'S INSTRUCTION NUMBER _____.**

## Deadlocked Jury

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case.  I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience.  Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.  However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence.  All of you share an equal desire to arrive at a verdict.  Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole.  You should not single out any part of any instruction, including this one, and ignore others.  They are all equally important.

You may now retire and continue your deliberations.

1
2
3   Authority: Ninth Cir. Manual of Model Jury Instructions 4.6 (West 2001)
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I hereby certify that on the below date, I filed the foregoing:

**PLAINTIFF'S JURY INSTRUCTIONS**

with the Court's CM/ECF electronic filing system, which will provide notice of the same on the following:

Robert Peter Weiss
NARVID SCOTT LLP
15165 Ventura Boulevard, Suite 315
Encino, CA 91403
Telephone: (818) 907-8986
Facsimile: (818) 907-9896
Email: rweiss@narvidscott.com
Attorneys for Defendants,
KIM LISA TAYLOR and
SYNDICATION ATTORNEYS, PLLC


Dated: September 18, 2017          /s/ Ben T. Lila
                                   Ben T. Lila
                                   Email: blila@mandourlaw.com