ROBERT WEISS (SBN 118842)
Email: rweiss@narvidscott.com
**NARVID SCOTT LLP**
15165 Ventura Blvd., Suite 315
Sherman Oaks, CA 91403-3373
Voice: (818) 907-8986 ext. 129
Fax: (818) 907-9896

CRAIG A. GELFOUND (SBN 176378)
Email: craig.gelfound@arentfox.com
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, California 90013-1065
Telephone: 213.629.7400
Facsimile:  213.629.7401

Attorneys for Defendants and Counterclaimants
KIM LISA TAYLOR and SYNDICATION ATTORNEYS, PLLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROWBRIDGE SIDOTI LLP, a California Limited Liability Partnership,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>KIM LISA TAYLOR and SYNDICATION ATTORNEYS, PLLC, a Florida Professional Limited Liability Company,<br><br>Defendants and Counterclaimants. | Case No. 8:16-CV-00771-ODW-SK<br><br>Assigned to the Honorable Otis D. Wright II<br><br>**DEFENDANTS/COUNTER-CLAIMANTS' MEMORANDUM AND CONTENTIONS OF FACTS AND LAW**<br><br>Place:   Courtroom 5D, 5th Floor, 350 W. 1st St, Los Angeles, CA 90012<br>Judge:   Hon. Otis D. Wright II<br><br>Pre-Trial Conf.: September 25, 2017<br>Trial:   October 17, 2017 |

- 1 -
MEMORANDUM AND CONTENTIONS OF FACTS AND LAW
8:16-CV-00771-ODW-SK

Defendants, Kim Lisa Taylor and Syndication Attorneys, PLLC, submit the following Memorandum and Contentions of Fact and Law.

**Plaintiff's Claim for Conversion:**

Defendants deny each of the elements of Plaintiff's conversion claim. Defendants will offer testimonial and documentary evidence at trial as follows:

At all times relevant, Kim Taylor held legal title to the subject domain names. Accordingly, Defendants could not have converted said domain names as alleged by Plaintiff. Defendants further contend that Plaintiff suffered no damage as a result of any inability to access or use said domain names.

The undisputed fact is that Kim Taylor is the registered owner of the Domain Names. Much like title in land, her ownership interest in the Domain Names is a matter of public record because she is listed as the registrar/owner. Kim Taylor also retains the right of possession and control of the Domain Names, and as such, Plaintiff's claim for conversion fails as a matter of law.

Plaintiff contends that it acquired an ownership interest in the Domain Names from Kim Taylor without any written agreement or signed writing to support that argument. Instead, it offers disputed facts and the self-serving declaration of Eugene Trowbridge to suggest a "he said/she said" situation. This spin on the facts is refuted by Defendant's evidence that she did not acquire the Domain Names on behalf of any of the relevant partnerships, but rather licensed their use to the partnerships, and always intended to continue to use them, with or without T&T or TT&S.

Furthermore, Plaintiff does not have standing to sue for conversion. There is no evidence that it acquired ownership of the Domain Names by succession because T&T had no partnership agreement, there is no apparent succession from T&T to TT&S in that the two firms operated concurrently during calendar year 2014, and the TT&S partnership agreement is silent on whether it is the successor

in interest to T&T.  Only Taylor holds actual evidence of legal title.

**Counter-claimants Claim for Accounting**:

Counter-claimants plan to pursue the following claims against counter-defendants for an accounting and to recover monies owed to Kim Taylor.

Counter-defendants must account to counterclaimants for both Kim Taylor's capital account with the Trowbridge Taylor & Sidoti ("TT&S") law firm, as well as monies owed to her as a result of their financial mismanagement and unsupported and unjustified payments to Eugene Trowbridge.

(b)  The elements required to establish counter-claimant's claims are:

ACCOUNTING:

Element 1:  As a former partner in the TTS law firm, and pursuant to the TTS partnership agreement, Kim Taylor is entitled to a full accounting of profits and losses and her capital account.

Element 2:  At all times relevant, Eugene Trowbridge was the managing partner of TTS and supervised its internal accounting, banking and tax reporting functions.  Counter-claimants will show that as a direct result of the managing partner's mismanagement of the firm's finances, significant sums of money were improperly paid to Eugene Trowbridge which should have otherwise been distributed as profits to the partners of TTS.

Element 3:  Kim Taylor did not consent to the subject payments to Eugene Trowbridge.

Element 4:  Kim Taylor suffered financial harm and is entitled to an accounting and redistribution of funds.

The key elements counter-claimants rely on for each of these claims are:

For Element 1: Counter-claimants will submit testimony from Kim Taylor and Eugene Trowbridge regarding the provisions of the TTS partnership agreement and a partner's right to an accounting. Taylor will also show that she is entitled to

but has not been paid her capital account which has been calculated by Trowbridge to be approximately $30,000.

For Element 2: Counter-claimants will submit testimony from Kim Taylor, Eugene Trowbridge and Jillian Sidoti regarding the firm's policies and practices for partner compensation and expense reimbursement and that Eugene Trowbridge failed to follow those practices and procedures in compensating himself.

For Element 3: Counter-claimants will submit testimony from their forensic accounting expert, Richard Balog, to show that approximately $200,000 of reimbursable business expenses claimed by Eugene Trowbridge do not meet generally accepted accounting practices or Internal Revenue Service standards to qualify as deductible business expenses. Furthermore, Mr. Balog will testify that numerous ATM and other banking transactions by which Mr. Trowbridge compensated himself lack proper justification or documentary support.

For Element 4: Kim Taylor will testify that to the extent that Eugene Trowbridge improperly compensated himself or reimbursed himself for improper business expenses, those monies should be returned to TTS, and be redistributed pursuant to the agreed partnership compensation plan in existence at the time. Taylor contends that she would be entitled to receive 30% of all such monies repaid by Eugene Trowbridge.

Finally, we ask the Court to note that Plaintiff stalled and improperly objected to several demands for financial discovery relevant to the accounting claim. It was not until well past the discovery cutoff date and within a month of trial that plaintiff produced additional financial documents which are now the subject of a motion in limine to exclude evidence at trial.  Even with this eleventh hour document production, Mr. Trowbridge has no credible support for his claims to money taken by him without his partner's prior approval, and expense reimbursements that are not justified by proper receipts or generally accepted

accounting principles.

**Motion for Attorney Fees:**

Defendants will move the Court for an award of attorney fees and costs.

Dated:  September 18, 2017    **ARENT FOX LLP**
CRAIG A. GELFOUND

**NARVID SCOTT LLP**
ROBERT WEISS

By:/s/ _____
ROBERT WEISS
Attorneys for Defendants and Counterclaimants
KIM LISA TAYLOR AND SYNDICATION ATTORNEYS, PLLC