ROBERT WEISS (SBN 118842)
Email: rweiss@narvidscott.com
**NARVID SCOTT LLP**
15165 Ventura Blvd., Suite 315
Sherman Oaks, CA 91403-3373
Voice: (818) 907-8986 ext. 129
Fax: (818) 907-9896

CRAIG A. GELFOUND (SBN 176378)
Email: craig.gelfound@arentfox.com
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, California 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401

Attorneys for Defendants and Counterclaimants
KIM LISA TAYLOR and SYNDICATION ATTORNEYS, PLLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROWBRIDGE SIDOTI LLP, a California Limited Liability Partnership,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>KIM LISA TAYLOR and SYNDICATION ATTORNEYS, PLLC, a Florida Professional Limited Liability Company,<br><br>    Defendants and Counterclaimants. | Case No. 8:16-CV-00771-ODW-SK<br><br>Assigned to the Honorable Otis D. Wright II<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**<br><br>Place:    Courtroom 5D, 5th Floor, 350 W. 1st St, Los Angeles, CA 90012<br>Judge:    Hon. Otis D. Wright II<br><br>Pre-Trial Conf.:    September 25, 2017<br>Trial:    October 17, 2017 |

Defendants accept Plaintiff's Proposed Jury Instructions[1] with the following exceptions:

Defendants agree to the Model Civil Jury Instructions, Sections 1-4 as proposed by Plaintiff, but request the following additional jury instructions:

2.1 Stipulated Testimony

2.3 Judicial Notice

3.6 Additional Instructions of Law

3.8 Continuing Deliberations After Juror is Discharged

4.7 Ratification

4.10 Principal Sued But Not Agent – No Issue As to Agency or Authority

Defendants agree to Plaintiff's proposed damages instructions 5.1 [Damages – Proof] and 5.3 [Damages – Mitigation] but object to Plaintiff's proposed damages instructions:

Presumed Measure of Damages For Conversion

Punitive Damages – Individual Defendant

Finally, Defendants request the following two special jury instructions, attached hereto as Exhibit A, and entitled:

Assignment Contested [as modified]

Requirements To Prove Assignment By Conduct

---

[1] Defendants' counsel apologizes to the court for its inability to have completed proposed joint jury instructions on the date requested, but unfortunately due to the shutting down of counsel's computer server and inability to fully access and edit documents, Defendants' counsel was limited in his ability to complete joint pretrial documents.

| | |
|---|---|
| Dated: September 18, 2017 | **ARENT FOX LLP**<br>CRAIG A. GELFOUND<br><br>**NARVID SCOTT LLP**<br>ROBERT WEISS<br><br>By:/s/<br>ROBERT WEISS<br>Attorneys for Defendants and Counterclaimants<br>KIM LISA TAYLOR AND SYNDICATION ATTORNEYS, PLLC |

# EXHIBIT A

Authority: CACI 326.

## Assignment Contested [as modified]

Trowbridge Sidoti LLP was not a party to the original contract whereby Kim Taylor purchased certain domain names. However, plaintiff may bring a claim for conversion of the domain names if it proves that Kim Taylor transferred her rights under the contract to Trowbridge & Taylor or to Trowbridge Taylor & Sidoti. This transfer is referred to as an "assignment."

Plaintiff must prove that Kim Taylor intended to transfer her contract rights to plaintiff. In deciding Kim Taylor's intent, you should consider the entire transaction and the conduct of the parties to the assignment.

[A transfer of contract rights does not necessarily have to be made in writing. It may be oral or implied by the conduct of the parties to the assignment.]

AUTHORITY: Civil Code Section 1052

### Requirements To Prove Assignment By Conduct

A transfer may be made without writing, in every case in which a writing is not expressly required by statute.

It is essential to an assignment of a contract right that the person making the assignment manifests an intention to transfer the right to another person without further action or manifestation of intention by the person making the assignment. The manifestation may be made to the other or to a third person on his behalf and, except as provided by statute or by contract, may be made either orally or by a writing. [Restatement Second of Contracts, section 324

While no particular form of assignment is required, it is essential to the assignment of a right that the assignor manifest an intention to transfer the right. [Sunburst Bank v. Executive Life Insurance Co. (1994) 24 Cal.App.4th 1156, 1164 [29 Cal.Rptr.2d 734]

The burden of proving an assignment falls upon the party asserting rights thereunder.