MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
Email: jmandour@mandourlaw.com
BEN T. LILA (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Facsimile: (858) 487-9390
Attorneys for plaintiff,
TROWBRIDGE SIDOTI LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROWBRIDGE SIDOTI LLP, a California Limited Liability Partnership,<br><br>    Plaintiffs,<br><br>    v.<br><br>KIM LISA TAYLOR, an individual; and SYNDICATION ATTORNEYS, PLLC, a Florida Professional Limited Liability Company,<br><br>    Defendants.<br><br>KIM LISA TAYLOR and SYNDICATION ATTORNEYS PLLC, a Florida Professional Limited Liability Company,<br><br>    Counterclaimants,<br><br>    v.<br><br>TROWBRIDGE SIDOTI LLP, a California Limited Liability Partnership,<br><br>    Counterclaim Defendant. | Case No. 8:16-cv-00771-ODW-SK<br><br>**PLAINTIFF'S NOTICE OF LODGING AMENDED PRETRIAL CONFERENCE ORDER**<br><br>Courtroom: 5D<br>Judge: Hon. Otis D. Wright II |

The Court, at the September 25, 2017 pretrial conference, requested that counsel amend and resubmit the pre-trial conference order with some small changes to the original document, namely removal of plaintiff's counsel's information in the caption, correction of a single typographical error in paragraph 9 and a revised list of motions in limine to be heard by the Court.  Those changes have been made and the amended order lodged herewith as Exhibit A.

However, defendant's counsel has refused to approve the amendment and, instead, has requested that the document attached hereto as Exhibit B be entered as the pretrial conference order.  Defendant's proposed amendment includes numerous changes to previously admitted facts.  Plaintiff does not agree to those proposed changes but agreed to submit the document with this notice with this explanation for defendant's refusal to agree to Exhibit A.


Respectfully submitted,

Dated: <u>January 16, 2018</u>          MANDOUR & ASSOCIATES, APC


<u>     /s/ Ben T. Lila          </u>
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for plaintiff and
counterclaim defendant,
TROWBRIDGE SIDOTI LLP

## **CERTIFICATE OF SERVICE**

I hereby certify that on the below date, I filed the foregoing document via the Court's CM/ECF Filing System, which will serve electronic notice of the same on the following:

Robert Peter Weiss
NARVID SCOTT LLP
15165 Ventura Boulevard, Suite 315
Encino, CA 91403
Telephone: (818) 907-8986
Facsimile: (818) 907-9896
Email: rweiss@narvidscott.com

Craig A Gelfound
ARENT FOX LLP
555 West Fifth Street 48th Floor
Los Angeles, CA 90013
Telephone: (213) 629-7400
Facsimile: (213) 629-7401
Email: gelfound.craig@arentfox.com

Attorneys for Defendants,
KIM LISA TAYLOR and
SYNDICATION ATTORNEYS PLLC

Dated: January 16, 2018                         /s/ Ben T. Lila
                                                Ben T. Lila
                                                Email: blila@mandourlaw.com

**EXHIBIT A**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROWBRIDGE SIDOTI LLP, a California Limited Liability Partnership, <br><br> Plaintiffs, <br><br> v. <br><br> KIM LISA TAYLOR, an individual; and SYNDICATION ATTORNEYS, PLLC, a Florida Professional Limited Liability Company, <br><br> Defendants. | Case No. 8:16-cv-00771-ODW-SK <br><br> **[proposed] AMENDED PRE-TRIAL CONFERENCE ORDER** |
| KIM LISA TAYLOR and SYNDICATION ATTORNEYS, PLLC, a Florida Professional Limited Liability Company, <br><br> Counterclaimants, <br><br> v. <br><br> TROWBRIDGE SIDOTI LLP, a California Limited Liability Partnership, <br><br> Counterclaim Defendant. | |

Following pretrial proceedings, pursuant to F.R.Civ.P. 16 and L.R. 16, IT IS ORDERED:

## 1.   THE PARTIES

The parties are:

A.   Trowbridge Sidoti, a California Limited Liability Partnership, plaintiff and counterclaim defendant;

B.   Kim Lisa Taylor, an individual, defendant and counterclaimant; and,

C.     Syndication Attorneys PLLC, a Florida professional limited liability corporation, defendant and counterclaimant.

Each of these parties has been served and has appeared.  All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:

1.     Plaintiff's complaint.  Summary judgment was entered against plaintiff's first, second and third causes of action.  Plaintiff's fourth cause of action for conversion survives.

2.     Defendants' counterclaim.  Defendants are seeking declaratory relief regarding ownership of the subject domains and seeking an accounting from plaintiff.

## 2.     JURISDICTION

Federal jurisdiction and venue are invoked upon the grounds:

A.     This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1367 because the Court is exercising pendant jurisdiction of any and all state causes of action.

B.     This Court has personal jurisdiction over defendant because defendant resided in at the time of acts alleged and has transacted business in the Central District of California.  Further, the defendant systematically and continuously directs business activities toward and into the Central District of California.

C.     Venue is proper and reasonable in this district under 28 U.S.C. § 1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this district and defendant has significant, substantial and continuous contacts with the district.  Defendants have admitted to

subject matter jurisdiction, personal jurisdiction and venue in their answer.

**3.     TRIAL ESTIMATE AND WITNESS LIST**

The trial is estimated to take 2-3 trial days.  The parties have submitted a joint witness list herewith.

**4.     JURY TRIAL**

This is a jury trial.  Proposed jury instructions and special verdict forms as required by L.R. 51-1 are submitted herewith. Any special questions requested to be asked on voir dire are submitted at the Pre-Trial Conference per the Court's scheduling order.

**5.     ADMITTED FACTS**

The parties admit the following facts:

1.     Plaintiff is a limited liability law partnership between Eugene Trowbridge and Jillian Sidoti.

2.     Defendant Kim Lisa Taylor is their former partner.

3.     Taylor and Trowbridge were partners under the name Trowbridge & Taylor, which we sometimes referred to as "TT", during calendar years 2010 through December, 2014.

4.     Beginning January 1, 2014, all three attorneys were in a partnership known as Trowbridge Taylor Sidoti LLP, which is sometimes referred to as "TTS".

5.     Kim Taylor resigned from TTS in March of 2016 to start her own law firm in Florida called Syndication Attorneys PLLC.

6.     Kim Taylor first met Eugene Trowbridge in late 2007 when she attended one of his real estate syndication workshops.

7.     Kim Taylor became an independent contractor attorney for the Law Offices

of Gene Trowbridge in January of 2008.

8.  During calendar years 2008 and 2009 Kim Taylor was an independent contractor for several law firms and also had her own clients.

9.  Kim Taylor did not have any prior experience practicing real estate syndication law prior to working with Gene Trowbridge.

10.  Kim Taylor's husband thought of the term "syndication lawyer" and acquired the domain registration for syndicationlawyer.com in 2008.

11.  Kim Taylor acquired the domain registration for syndicationlawyers.com in April, 2009 which she maintained in her GoDaddy account.

12.  Kim Taylor and Gene Trowbridge registered the partnership "Trowbridge & Taylor" (hereinafter "T&T") in September 2009.

13.  T&T began to operate as a partnership on January 1, 2010.

14.  Kim Taylor used the domain name syndicationlawyers.com for her email address to communicate with law firm clients.

15.  In April 2010, Kim Taylor acquired the following domain registrations with T&T funds: SyndicationAttorneys.com
     TrowbridgeAndTaylor.com
     TrowbridgeTaylor.com
     TrowbridgeTaylorLaw.com
     TrowbridgeAndTaylorLaw.com
     TrowbridgeAndTaylorLLP.com

16.  In April 2010, Taylor used T&T funds to set up a web-hosting service for the website at syndicationlawyers.com.

17.  In April 2010, Taylor used T&T funds to renew the domain registrations for the domain registration syndicationlawyer.com and syndicationlawyers.com.

18.  The primary website for T&T was located at www.syndicatorlawyers.com.

19.  The domain registrations were set to "auto-renew" with the T&T company credit card.

20.    T&T paid for all website development and maintenance from 2010-2014.

21.    T&T paid for renewal of all of the domain registrations in 2013.

22.    In January 2014, the partnership Trowbridge Taylor & Sidoti LLP ("TT&S") was formed.

23.    Jillian Sidoti maintained her separate law practice through most of calendar year 2014 to finish up old business from that law firm.

24.    Trowbridge & Taylor continued to operate for most of calendar year 2014 to finish up old business and was not wound up and dissolved until December, 2014.

25.    TT&S was formed with a written partnership agreement as of January 1, 2014.

26.    TT&S used www.syndicationlawyers.com as its primary website.

27.    The domain registrations at issue in this action are:
          syndicationlawyer.com
          syndicationlawyers.com
          syndicationattorneys.com
          Trowbridgeandtaylor.com
          Trowbridgetaylor.com
          Trowbridgetaylorlaw.com
          Trowbridgeandtaylorlaw.com
          Trowbridgeandtaylorllp.com
          Thesyndicationlawyers.com
          Regaattorney.com
          Reg-A.com
          Regulation-a.com
          Regulationas.com
          Privatemoneylaw.com
          Thesyndicationattorneys.com

28.    The domain registrations for Regaattorney.com, Reg-A.com, Regulation-a.com, Regulationas.com, Privatemoneylaw.com and Thesyndicationattorneys.com were acquired with TT&S funds after January 1, 2014 and prior to March 21, 2016.

29.    TT&S paid for renewal of all of the domain registrations at issue prior to

March 21, 2016.

30.     On March 21, 2016, Taylor notified TT&S that she was withdrawing from the partnership.

31.     On March 23, 2016, Trowbridge advised Taylor that the domain registration for syndicationlawyers.com was owned by Plaintiff.

32.     Taylor responded to Trowbridge that the domain registration for syndicationlawyers.com was always in her name and continued to be her property.

33.     On or about March 23, 2016, Taylor changed the password to the domain registration account at GoDaddy that controlled the domain registrations.

34.     Prior to March 23, 2016, Tim Ivey had access to the domain registration account at GoDaddy that controlled the domain registrations.

35.     Taylor denied Tim Ivey super-administrator privileges to her GoDaddy account because Eugene Trowbridge had made it known to her that she would be denied access to the use of syndicationlawyers.com.

36.     Taylor has not transferred any of the domain name registrations to Plaintiff.

## 6.     STIPULATED FACTS

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

1.  Christopher Guillet is the husband of Kim Taylor and a former advertising executive.  He would testify under oath that he was the person who thought of the idea of having Kim Taylor advertise her services and use as her e-mail address the domain name syndicationlawyer.com.

2.  Christopher Guillet acquired the domain name syndicationlawyer.com in 2008 for his wife to use in her law practice.

3. Kim Taylor used syndicationlawyer.com for her e-mail address and printed it on business cards and flyers which she handed out as part of her marketing materials.

4. There is no evidence that Kim Taylor sent e-mails, made telephone calls or otherwise solicited clients of Trowbridge Taylor & Sidoti to leave TT&S and follow her to her new law firm.

5. Two clients of TT&S who were already working with Kim Taylor voluntarily asked to have their files and their retainer fees transferred to Kim Taylor's new law firm so that they could continue to work with her.

6. There are no written agreements or documents signed by Kim Taylor that expressly refer to the domain names at issue in this action and their sale, gift, transfer or assignment to T&T or TT&S.

## 7.   **CLAIMS AND DEFENSES**

The Court, by summary adjudication, disposed of plaintiff's causes of action for false designation of origin and unfair competition.  Said summary adjudication also disposed of counterclaimant's declaratory relief claims except those in regard to the domain registrations.

Plaintiff contends as follows:

(a)  Plaintiff plans to pursue the following claims against the defendant:

Claim 1: Defendants converted the subject domain registrations from Plaintiff.

(b)      The elements required to establish Plaintiff's claims are:

CONVERSION:

Element 1:  That Trowbridge Sidoti owned, possessed or had a right to possess the domain registrations at issue.

Element 2: That Kim Taylor or Syndication Attorneys PLLC intentionally and substantially interfered with Trowbridge Sidoti's property by one or more of the following:

taking possession of the domain registrations at issue; or,

preventing Trowbridge Sidoti from having access to the domain registrations; or,

refusing to return the domain registrations after Trowbridge Sidoti demanded their return.

3.    That Trowbridge Sidoti did not consent;

4.    That Trowbridge Sidoti was harmed; and,

5.    That Kim Taylor or Syndication Attorneys PLLC's conduct was a substantial factor in causing Trowbridge Sidoti's harm.

(*See* CACI 2200)

(c)    In brief, the key evidence Plaintiff relies on for each of the claims is:

For element 1:  Plaintiff will submit testimony from Kim Taylor and Gene Trowbridge that the subject domains were acquired either for the Trowbridge & Taylor partnership or by the Trowbridge & Taylor partnership or by the Trowbridge Taylor & Sidoti partnership with partnership funds.  Plaintiff will submit emails showing that Taylor admitted that these domains were "for the law firm."  Plaintiff will submit documentary evidence in the form of GoDaddy receipt showing that each domain was either purchased by or renewed by the Trowbridge & Taylor partnership.  Plaintiff will submit testimony by Gene Trowbridge, Jillian Sidoti and, if necessary, Tim Ivey and documentary evidence in the form of GoDaddy receipts and emails that Trowbridge Taylor & Sidoti then continued to pay for and use said domains as successors in interest.

Element 2:  Plaintiff will submit testimony evidence from Kim Taylor and, if

necessary, Tim Ivey, that Kim Taylor changed the domain registration passwords and took control of the subject domains.

Element 3:  Plaintiff will submit testimony evidence from Gene Trowbridge that plaintiff did not consent to Kim Taylor's taking of the domain registrations.  If necessary, plaintiff will submit a letter sent to Kim Taylor demanding that the domains be returned.

Element 4:  Plaintiff will submit testimony evidence from Gene Trowbridge and Jillian Sidoti regarding the harm associated with the taking of the domains and the value of lost clients.  Plaintiff will submit testimony evidence and/or interrogatory responses from Kim Taylor regarding the number of clients she acquired from Trowbridge Taylor & Sidoti.  Plaintiff will submit GoDaddy receipts showing the cost of the domains converted.

Element 5:  Plaintiff will provide testimony evidence from Gene Trowbridge, Jillian Sidoti and Kim Taylor showing that the loss of the domains caused the harm in Element 4.  If necessary, Tim Ivey and David Utley can testify to the harm caused by Kim Taylor's actions.

Defendants contend as follows:

(a)  Defendants deny each of the elements of Plaintiff's conversion claim.

(b)  Defendants contend that at all times relevant, Kim Taylor held legal title to the subject domain names. Accordingly, Defendants could not have converted said domain names as alleged by Plaintiff. Defendants further contend that Plaintiff suffered no damage as a result of any inability to access or use said domain names.

Counter-claimants:

(a)  Counter-claimants plan to pursue the following claims against counter-defendants:

Claim 1: Counter-defendants must account to counterclaimants for both Kim Taylor's capital account with the Trowbridge Taylor & Sidoti ("TTS") law firm, as well as monies owed to her as a result of their financial mismanagement and unsupported and unjustified payments to Eugene Trowbridge.

(b)  The elements required to establish counter-claimant's claims are:

ACCOUNTING:

Element 1:  As a former partner in the TTS law firm, and pursuant to the TTS partnership agreement, Kim Taylor is entitled to a full accounting of profits and losses and her capital account.

Element 2:  At all times relevant, Eugene Trowbridge was the managing partner of TTS and supervised its internal accounting, banking and tax reporting functions.  Counter-claimants will show that as a direct result of the managing partner's mismanagement of the firm's finances, significant sums of money were improperly paid to Eugene Trowbridge which should have otherwise been distributed as profits to the partners of TTS.

Element 3:  Kim Taylor did not consent to the subject payments to Eugene Trowbridge.

Element 4:  Kim Taylor suffered financial harm and is entitled to an accounting and redistribution of funds.

(c)      In brief, the key elements counter-claimants rely on for each of these claims is:

For Element 1: Counter-claimants will submit testimony from Kim Taylor and Eugene Trowbridge regarding the provisions of the TTS partnership agreement and a partner's right to an accounting. Taylor will also show that she is entitled to but has not been paid her capital account which has been calculated by Trowbridge to be approximately $30,000.

For Element 2:  Counter-claimants will submit testimony from Kim Taylor,

Eugene Trowbridge and Jillian Sidoti regarding the firm's policies and practices for partner compensation and expense reimbursement and that Eugene Trowbridge failed to follow those practices and procedures in compensating himself.

For Element 3: Counter-claimants will submit testimony from their forensic accounting expert, Richard Balog, to show that approximately $200,000 of reimbursable business expenses claimed by Eugene Trowbridge do not meet generally accepted accounting practices or Internal Revenue Service standards to qualify as deductible business expenses. Furthermore, Mr. Balog will testify that numerous ATM and other banking transactions by which Mr. Trowbridge compensated himself lack proper justification or documentary support.

For Element 4:  Kim Taylor will testify that to the extent that Eugene Trowbridge improperly compensated himself or reimbursed himself for improper business expenses, those monies should be returned to TTS, and be redistributed pursuant to the agreed partnership compensation plan in existence at the time. Taylor contends that she would be entitled to receive 30% of all such monies repaid by Eugene Trowbridge.

## 8.     ISSUES TO BE TRIED:

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

A.     Plaintiff must prove it owned the subject domains;

B.     Plaintiff must prove Defendants converted the subject domains; and,

C.     Plaintiff must prove its damages for Defendants' conversion.

D.     Counter-claimants must prove alleged financial mismanagement of the TTS law firm and Kim Taylor's entitlement upon an accounting to payment of her capital account and monies owed to her as partnership profits.

## 9.    DISCOVERY

The parties stipulated to take expert depositions after the mediation between the parties on August 22, 2017.  Settlement negotiations between the parties continued after the mediation.  Mr. Balog, defendants' expert, was in the path of Hurricane Irma in Florida.  The parties will complete the deposition of Mr. Balog, defendants' expert, and Mr. Austin, plaintiff's rebuttal expert prior to trial.  All other discovery is complete.

Defendants contend that plaintiff stalled and improperly objected to several demands for financial discovery relevant to the accounting claim. It was not until well past the discovery cutoff date and within a month of trial that plaintiff produced additional financial documents which are now the subject of a motion in limine to exclude evidence at trial.  Plaintiff denies that its production of documents was late or prejudicial.

## 10.    DISCLOSURES

All disclosures under F.R.Civ.P. 26(a)(3) have been made by the parties. The parties have filed a joint exhibit list under separate cover as required by L.R. 16-6.1.  Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed in the Final Trial Exhibit Stipulation to be filed on October 12, 2017 per the Court's scheduling order.

## 11.    WITNESSES

The parties have filed a joint witness list with the Court.  Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment.)

## 12.   MOTIONS AND MOTIONS IN LIMINE

The following law and motion matters and motions in limine, and no others, are pending or contemplated:

1. Plaintiff's motion in limine No. 1: The parties shall be excluded from offering evidence or testimony regarding the Court's ruling on summary judgment or the adjudication of plaintiff's trademark claims.

2. Plaintiff's motion in limine No. 2: The parties shall be excluded from offering evidence or testimony regarding the alleged misappropriation of funds by Gene Trowbridge from TT&S or T&T.

3. Defendants' Motion In Limine Number 1:  The parties shall be excluded from offering evidence or testimony or making any comment in the presence of the jury regarding any documents produced to Defendants in discovery after any agreed extension of the discovery cut-off date.

4. Defendants' Motion In Limine Number 2:  The parties shall be excluded from offering evidence or testimony or making any comment in the presence of the jury that Plaintiff, Trowbridge Sidoti, LLP, is the successor-in-interest of Eugene Trowbridge, sole proprietorship, Trowbridge & Taylor, LLP or Trowbridge Taylor & Sidoti, LLP, for the purpose of Plaintiff's conversion claim.

5. Defendants' Motion In Limine Number 3:  The parties shall be excluded from offering evidence or testimony or making any comment in the presence of the jury that Defendant Kim Taylor acquired SyndicationLawyer.com or SyndicationLawyers.com as an agent of Eugene Trowbridge or Trowbridge & Taylor, LLP for the purpose of Plaintiff's conversion claim.

6. Defendants' Motion In Limine Number 4:  The parties shall be excluded from offering evidence or testimony or making any comment in the presence of the jury that Plaintiff has lost clients, lost business, or has suffered any

other economic damages as a result of Defendants' alleged conversion of the subject domain names.

## 13.   BIFURCATION

Bifurcation of the following issues for trial is ordered: None.

## 14.   CONCLUSION

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: **_____**

_____

UNITED STATES DISTRICT JUDGE

1   Approved as to form and content.

2

3         /s/ Gordon E. Gray III

4   Gordon E. Gray III (SBN 175209)
     Email: ggray@mandourlaw.com

5   Attorneys for plaintiff and

6   counterclaim defendant,
     TROWBRIDGE SIDOTI LLP

7

8   NARVID SCOTT LLP

9

10        /s/Robert Peter Weiss
    Robert Peter Weiss

11   Email: rweiss@narvidscott.com

12   Attorneys for Defendants,
    KIM LISA TAYLOR and

13   SYNDICATION ATTORNEYS, PLLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, I filed the foregoing:

**[proposed] AMENDED PRE-TRIAL CONFERENCE ORDER**

with the Court's CM/ECF electronic filing system, which will provide notice of the same on the following:

Robert Peter Weiss
NARVID SCOTT LLP
15165 Ventura Boulevard, Suite 315
Encino, CA 91403
Telephone: (818) 907-8986
Facsimile: (818) 907-9896
Email: rweiss@narvidscott.com
Attorneys for Defendants,
KIM LISA TAYLOR and
SYNDICATION ATTORNEYS, PLLC

Dated: _____

_____
Ben T. Lila
Email: blila@mandourlaw.com

**EXHIBIT B**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROWBRIDGE SIDOTI LLP, a California Limited Liability Partnership, | Case No. 8:16-cv-00771-ODW-SK |
| Plaintiffs, | **[proposed] PRE-TRIAL CONFERENCE ORDER** |
| v. | |
| KIM LISA TAYLOR, an individual; and SYNDICATION ATTORNEYS, PLLC, a Florida Professional Limited Liability Company, | |
| Defendants. | |
| KIM LISA TAYLOR and SYNDICATION ATTORNEYS, PLLC, a Florida Professional Limited Liability Company, | |
| Counterclaimants, | |
| v. | |
| TROWBRIDGE SIDOTI LLP, a California Limited Liability Partnership, | |
| Counterclaim Defendant. | |

Following pretrial proceedings, pursuant to F.R.Civ.P. 16 and L.R. 16, IT IS ORDERED:

## 1.    THE PARTIES

The parties are:

A.    Trowbridge Sidoti, a California Limited Liability Partnership, plaintiff and counterclaim defendant;

B.    Kim Lisa Taylor, an individual, defendant and counterclaimant; and,

C.     Syndication Attorneys PLLC, a Florida professional limited liability corporation, defendant and counterclaimant.

Each of these parties has been served and has appeared.  All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:

1.     Plaintiff's complaint.  Summary judgment was entered against plaintiff's first, second and third causes of action.  Plaintiff's fourth cause of action for conversion survives.

2.     Defendants' counterclaim.  Defendants are seeking declaratory relief regarding ownership of the subject domains and seeking an accounting from plaintiff.

## 2.     JURISDICTION

Federal jurisdiction and venue are invoked upon the grounds:

A.     This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1367 because the Court is exercising pendant jurisdiction of any and all state causes of action.

B.     This Court has personal jurisdiction over defendant because defendant resided in at the time of acts alleged and has transacted business in the Central District of California.  Further, the defendant systematically and continuously directs business activities toward and into the Central District of California.

C.     Venue is proper and reasonable in this district under 28 U.S.C. § 1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this district and defendant has significant, substantial and continuous contacts with the district.  Defendants have admitted to

subject matter jurisdiction, personal jurisdiction and venue in their answer.

## 3.    TRIAL ESTIMATE AND WITNESS LIST

The trial is estimated to take 2-3 trial days.  The parties have submitted a joint witness list herewith.


## 4.    JURY TRIAL

This is a jury trial.  Proposed jury instructions and special verdict forms as required by L.R. 51-1 are submitted herewith. Any special questions requested to be asked on voir dire are submitted at the Pre-Trial Conference per the Court's scheduling order.


## 5.    ADMITTED FACTS

The parties admit the following facts:

1.    Plaintiff is a limited liability law partnership between Eugene Trowbridge and Jillian Sidoti.

2.    Defendant Kim Lisa Taylor is their former partner.

3.    Taylor and Trowbridge were partners under the name Trowbridge & Taylor, which we sometimes referred to as "T&T", during calendar years 2010 through December, 2014.

4.    Beginning January 1, 2014, all three attorneys were in a partnership known as Trowbridge Taylor Sidoti LLP, which is sometimes referred to as "TTS".

5.    Kim Taylor resigned from TTS in March of 2016 to start her own law firm in Florida called Syndication Attorneys PLLC.

6.    Kim Taylor first met Eugene Trowbridge in late 2007 when she attended a real estate syndication bootcamp at which he was teaching.

7.    Kim Taylor became an independent contractor attorney for the Law Offices

of Gene Trowbridge in January of 2008.

8.      During calendar years 2008 and 2009 Kim Taylor was an independent contractor for several law firms and also had her own clients.

9.      Kim Taylor did not have any prior experience practicing real estate syndication law prior to working with Gene Trowbridge, but she did have prior real estate law experience.

10.     Kim Taylor's husband thought of the term "syndication lawyer" and acquired the domain registration for syndicationlawyer.com in 2008 and renewed it in his name for another 2 years in 2010.

11.     Kim Taylor acquired the domain registration for syndicationlawyers.com using her personal funds in April, 2009 which she maintained in her GoDaddy account.

12.     Kim Taylor and Gene Trowbridge registered the partnership "Trowbridge & Taylor" (hereinafter "T&T") in September 2009.

13.     T&T began to operate as a partnership on January 1, 2010, and operated for its entire existence without a partnership agreement.

14.     Kim Taylor used the domain name syndicationlawyers.com for her email address to communicate with law firm clients starting in December 2009; Eugene Trowbridge did not begin using the SyndicationLawyers.com email address until February 2012.

15.     In April 2010, Kim Taylor acquired the following domain registrations with T&T funds: SyndicationAttorneys.com

        TrowbridgeAndTaylor.com
        TrowbridgeTaylor.com
        TrowbridgeTaylorLaw.com
        TrowbridgeAndTaylorLaw.com
        TrowbridgeAndTaylorLLP.com

16.     In April 2010, Taylor used T&T funds to set up a web-hosting service for

the website at syndicationlawyers.com; and she and her husband created a website for T&T using the domain syndicationlawyers.com.

17.   Taylor used her own funds to maintain the domain registrations for the domain SyndicationLawyer.com until November 2011 and for the domain SyndicationLawyers.com until June 2011.

18.   The primary website for T&T was located at www.syndicationlawyers.com.

19.   The above domain registrations were set to "auto-renew" with the T&T company credit card.

20.   T&T paid for all website development and maintenance from 2012-2014.

21.   T&T paid for renewal of TrowbridgeTaylor.com and TrowbridgeTaylorLaw.com in 2013.

22.   In January 2014, the partnership Trowbridge Taylor Sidoti LLP ("TTS") was formed.

23.   Jillian Sidoti maintained her separate law practice through most of calendar year 2014 to finish up old business from that law firm.

24.   Trowbridge & Taylor continued to operate for most of calendar year 2014 to finish up old business and was not wound up and dissolved until December, 2014.

25.   TTS had a written partnership agreement as of January 1, 2014.

26.   TTS used www.syndicationlawyers.com as its primary website.

27.   The domain registrations at issue in this action are:
syndicationlawyer.com
syndicationlawyers.com
syndicationattorneys.com
*Trowbridgeandtaylor.com
*Trowbridgetaylor.com
*Trowbridgetaylorlaw.com
*Trowbridgeandtaylorlaw.com
*Trowbridgeandtaylorllp.com
Thesyndicationlawyers.com
Regaattorney.com
Reg-A.com

Regulation-a.com
Regulationas.com
Privatemoneylaw.com
Thesyndicationattorneys.com
*Note: all starred domains have expired and are available in the public domain.

28.     The domain registrations for Privatemoneylaw.com and Thesyndicationattorneys.com were acquired with TTS funds after January 1, 2014 and prior to March 21, 2016; the domain registrations for Regaattorney.com, Reg-A.com, Regulation-a.com, Regulationas.com were acquired with a credit card belonging to another company owned by Kim Taylor.

29.     TTS paid for renewal of all of the domain registrations at issue, except for the domain registrations for Regaattorney.com, Reg-A.com, Regulation-a.com, Regulationas.com prior to March 21, 2016.

30.     On March 21, 2016, Taylor notified TTS that she was withdrawing from the partnership.

31.     On March 23, 2016, Trowbridge advised Taylor that the domain registration for syndicationlawyers.com was owned by Plaintiff.

32.     Taylor responded to Trowbridge that the domain registration for syndicationlawyers.com was always in her name and continued to be her property.

33.     On or about March 23, 2016, Taylor changed the password to the domain registration account at GoDaddy that controlled the domain registrations.

34.     Prior to March 23, 2016, Tim Ivey had access to the domain registration account at GoDaddy that controlled the domain registrations.

35.     Taylor denied Tim Ivey access to her GoDaddy account because Eugene Trowbridge had made it known to her that she would be denied access to the use of syndicationlawyers.com.

36.     Taylor has not transferred any of the domain name registrations to Plaintiff.

**6.    STIPULATED FACTS**

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

1. Christopher Guillet is the husband of Kim Taylor and a former advertising executive.  He would testify under oath that he was the person who thought of the idea of having Kim Taylor advertise her services and use as her e-mail address the domain name syndicationlawyer.com.

2. Christopher Guillet acquired the domain name syndicationlawyer.com in 2008 for his wife to use in her law practice and renewed it in his own name for 2 years in 2010.

3. Kim Taylor used syndicationlawyer.com for her e-mail address and printed it on business cards and flyers which she handed out as part of her marketing materials, prior to formation of the T&T partnership.

4. There is no evidence that Kim Taylor sent e-mails, made telephone calls or otherwise solicited clients of Trowbridge Taylor & Sidoti to leave TTS and follow her to her new law firm.

5. Two clients of TTS who were already working with Kim Taylor at the time of her resignation voluntarily asked to have their files and their retainer fees transferred to Kim Taylor's new law firm so that they could continue to work with her.

6. There are no written agreements or documents signed by Kim Taylor that expressly refer to the domain names at issue in this action or their sale, gift, transfer or assignment to T&T or TTS.

**7.    CLAIMS AND DEFENSES**

The Court, by summary adjudication, disposed of plaintiff's causes of action for false designation of origin and unfair competition.  Said summary adjudication

also disposed of counterclaimant's declaratory relief claims except those in regard to the domain registrations.

Plaintiff contends as follows:

(a)  Plaintiff plans to pursue the following claims against the defendant:

Claim 1: Defendants converted the subject domain registrations from Plaintiff.

(b)     The elements required to establish Plaintiff's claims are:

CONVERSION:

Element 1:  That Trowbridge Sidoti owned, possessed or had a right to possess the domain registrations at issue.

Element 2: That Kim Taylor or Syndication Attorneys PLLC intentionally and substantially interfered with Trowbridge Sidoti's property by one or more of the following:

taking possession of the domain registrations at issue; or,

preventing Trowbridge Sidoti from having access to the domain registrations; or,

refusing to return the domain registrations after Trowbridge Sidoti demanded their return.

3.      That Trowbridge Sidoti did not consent;

4.      That Trowbridge Sidoti was harmed; and,

5.      That Kim Taylor or Syndication Attorneys PLLC's conduct was a substantial factor in causing Trowbridge Sidoti's harm.

(*See* CACI 2100)

(c)     In brief, the key evidence Plaintiff relies on for each of the claims is:

For element 1:  Plaintiff will submit testimony from Gene Trowbridge that

certain domains were acquired either for the T&T partnership or by the T&T partnership or by the TTS partnership with partnership funds.  Plaintiff will submit emails showing that Taylor admitted that these domains were "for the law firm."  Plaintiff will submit documentary evidence in the form of GoDaddy receipts showing certain domains were either purchased by or renewed by the T&T partnership.  Plaintiff will submit testimony by Gene Trowbridge, Jillian Sidoti and, if necessary, Tim Ivey and documentary evidence in the form of GoDaddy receipts and emails that TTS then continued to pay for and use said domains.

Element 2:  Plaintiff will submit testimony evidence from Kim Taylor and, if necessary, Tim Ivey, that Kim Taylor changed the domain registration passwords and took control of the subject domains.

Element 3:  Plaintiff will submit testimony evidence from Gene Trowbridge that plaintiff did not consent to Kim Taylor's taking of the domain registrations.  If necessary, plaintiff will submit a letter sent to Kim Taylor demanding that the domains be returned.

Element 4:  Plaintiff will submit testimony evidence from Gene Trowbridge and Jillian Sidoti regarding the harm associated with the taking of the domains and the value of lost clients.  Plaintiff will submit testimony evidence and/or interrogatory responses from Kim Taylor regarding the number of former clients of TTS who subsequently hired her firm for new matters.  Plaintiff will submit GoDaddy receipts showing the cost of the domains converted.

Element 5:  Plaintiff will provide testimony evidence from Gene Trowbridge, Jillian Sidoti showing that the loss of the domains caused the harm in Element 4.  If necessary, Tim Ivey and David Utley can testify to the harm caused by Kim Taylor's actions.

<u>Defendants contend as follows</u>:

(a)  Defendants deny each of the elements of Plaintiff's conversion claim.

(b)  Defendants contend that at all times relevant, Kim Taylor held legal title to the subject domain names. Accordingly, Defendants could not have converted said domain names as alleged by Plaintiff. Defendants further contend that Plaintiff suffered no damage as a result of any inability to access or use said domain names.

<u>Counter-claimants</u>:

(a)  Counter-claimants plan to pursue the following claims against counter-defendants:

Claim 1: Counter-defendants must account to counterclaimants for both Kim Taylor's capital account with the TTS law firm, as well as monies owed to her as a result of their financial mismanagement and unsupported and unjustified payments to Eugene Trowbridge.

(b)  The elements required to establish counter-claimant's claims are:

<u>ACCOUNTING</u>:

Element 1:  As a former partner in the TTS law firm, and pursuant to the TTS partnership agreement, Kim Taylor is entitled to a full accounting of profits and losses and to payment of her capital account.

Element 2:  At all times relevant, Eugene Trowbridge was the managing partner of TTS and supervised its internal accounting, banking and tax reporting functions.  Counter-claimants will show that as a direct result of the managing partner's mismanagement of the firm's finances, significant sums of money were improperly paid by or to Eugene Trowbridge and/or other companies he owns which should have otherwise been distributed as profits to the partners of TTS.

Element 3:  Kim Taylor did not consent to the subject payments by or to Eugene Trowbridge.

Element 4:  Kim Taylor suffered financial harm and is entitled to an accounting and redistribution of funds.

(c)      In brief, the key elements counter-claimants rely on for each of these claims is:

For Element 1: Counter-claimants will submit testimony from Kim Taylor and Eugene Trowbridge regarding the provisions of the TTS partnership agreement and a partner's right to an accounting. Taylor will also show that she is entitled to but has not been paid her capital account which has been calculated by Trowbridge to be approximately $30,000.

For Element 2:  Counter-claimants will submit testimony from Kim Taylor, Eugene Trowbridge and Jillian Sidoti regarding the firm's policies and practices for partner compensation and expense reimbursement and that Eugene Trowbridge failed to follow those practices and procedures in compensating himself.

For Element 3: Counter-claimants will submit testimony from their forensic accounting expert, Richard Balog, to show that approximately $200,000 of alleged business expenses incurred by or paid to Eugene Trowbridge do not meet generally accepted accounting practices or Internal Revenue Service standards to qualify as deductible business expenses. Furthermore, Mr. Balog will testify that numerous ATM and other banking transactions by which Mr. Trowbridge compensated himself lack proper justification or documentary support.

For Element 4:  Kim Taylor will testify that to the extent that Eugene Trowbridge improperly compensated himself or reimbursed himself for improper business expenses, those monies should be returned to TTS, and be redistributed pursuant to the agreed partnership compensation plan in existence at the time. Taylor contends that she would be entitled to receive 30% of all such monies repaid by Eugene Trowbridge.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**8.     ISSUES TO BE TRIED:**

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

A.     Plaintiff must prove it owned the subject domains;

B.     Plaintiff must prove Defendants converted the subject domains; and,

C.     Plaintiff must prove its damages for Defendants' conversion.

D.     Counter-claimants must prove alleged financial mismanagement of the TTS law firm and Kim Taylor's entitlement upon an accounting to payment of her capital account and monies owed to her as partnership profits.

**9.     DISCOVERY**

The parties stipulated to take expert depositions after the mediation between the parties on August 22, 2017.  Settlement negotiations between the parties continued after the mediation.  Mr. Balog, defendants' expert, was in the path of Hurricane Irma in Florida.  The parties will complete the deposition of Mr. Balog, defendants' expert, and Mr. Austin, plaintiff's rebuttal expert prior to trial.  All other discovery is complete.

Defendants contend that plaintiff stalled and improperly objected to several demands for financial discovery relevant to the accounting claim. It was not until well past the discovery cutoff date and within a month of trial that plaintiff produced additional financial documents which are now the subject of a motion in limine to exclude evidence at trial.  Plaintiff denies that its production of documents was late or prejudicial.

**10.     DISCLOSURES**

All disclosures under F.R.Civ.P. 26(a)(3) have been made by the parties. The parties have filed a joint exhibit list under separate cover as required by L.R.

16-6.1.  Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed in the Final Trial Exhibit Stipulation to be filed on <u>October 12, 2017</u> per the Court's scheduling order.

## 11.    WITNESSES

The parties have filed a joint witness list with the Court.  Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment.)

## 12.    MOTIONS AND MOTIONS IN LIMINE

The following law and motion matters and motions in limine, and no others, are pending or contemplated:

1.  Plaintiff's motion in limine No. 1: The parties shall be excluded from offering evidence or testimony regarding the Court's ruling on summary judgment or the adjudication of plaintiff's trademark claims.

2.    Plaintiff's motion in limine No. 2: The parties shall be excluded from offering evidence or testimony regarding the alleged misappropriation of funds by Gene Trowbridge from TTS or T&T.

3.    Defendants' Motion In Limine No. 1:  The parties shall be excluded from offering evidence or testimony or making any comment in the presence of the jury regarding any documents produced to Defendants in discovery after any agreed extension of the discovery cut-off date.

4.    Defendants' Motion In Limine No. 2:  The parties shall be excluded from offering evidence or testimony or making any comment in the presence of the jury that Plaintiff, Trowbridge Sidoti, LLP, is the successor-in-interest of Eugene

Trowbridge, sole proprietorship, Trowbridge & Taylor, LLP or Trowbridge Taylor Sidoti LLP, for the purpose of Plaintiff's conversion claim.

5. Defendants' Motion In Limine No. 3: The parties shall be excluded from offering evidence or testimony or making any comment in the presence of the jury that Defendant Kim Taylor acquired SyndicationLawyer.com or SyndicationLawyers.com as an agent of Eugene Trowbridge or Trowbridge & Taylor, LLP for the purpose of Plaintiff's conversion claim.

6. Defendants' Motion In Limine No. 4: The parties shall be excluded from offering evidence or testimony or making any comment in the presence of the jury that Plaintiff has lost clients, lost business, or has suffered any other economic damages as a result of Defendants' alleged conversion of the subject domain names.

## 13. BIFURCATION

Bifurcation of the following issues for trial is ordered: None.

## 14. CONCLUSION

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE

1

Approved as to form and content.

2

3

NARVID SCOTT LLP

4

5

_____/s/Robert Peter Weiss_____
Robert Peter Weiss

6

Email: rweiss@narvidscott.com

7

Attorneys for Defendants,
KIM LISA TAYLOR and

8

SYNDICATION ATTORNEYS, PLLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Civil Case No. 8:16-cv-00771
[proposed] PRE-TRIAL CONFERENCE ORDER
-16-