JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TROWBRIDGE SIDOTI LLP, a California Limited Liability Partnership,<br><br>    Plaintiffs,<br><br>    v.<br><br>KIM LISA TAYLOR, an individual; and SYNDICATION ATTORNEYS, PLLC, a Florida Professional Limited Liability Company,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 8:16-cv-00771-ODW-SK

**JUDGMENT**

This action came before the above-titled Court for a trial by jury. The issues have been tried and the jury has rendered its verdict on February 23, 2018. (ECF No. 108.) The jury found:

1. Do you find that Kim Taylor transferred her ownership in SYNDICATIONLAWYER.COM to the Trowbridge & Taylor partnership instead of simply allowing the partnership to use it?

__X__ Yes. _____ No.

If you entered "YES", please proceed to question #2. If you entered "NO" please proceed to question #8.

2. Do you find that Trowbridge & Taylor transferred its ownership in SYNDICATIONLAWYER.COM to the Trowbridge Taylor Sidoti partnership?

__X__ Yes. _____ No.

If you entered "YES", please proceed to question #3. If you entered "NO" please proceed to question #8.

3. Do you find that Plaintiff Trowbridge Sidoti LLP ("Plaintiff") has proven by a preponderance of the evidence that it owned, possessed or had the right to possess the SYNDICATIONLAWYER.COM domain?

__X__ Yes. _____ No.

If you entered "YES", please proceed to question #4. If you entered "NO", please proceed to question #8.

4. Do you find that the Plaintiff has proven by a preponderance of the evidence that Kim Taylor or Syndication Attorneys PLLC ("Defendants") intentionally and substantially interfered with Trowbridge Sidoti's domain, SYNDICATIONLAWYER.COM?

__X__ Yes. ____ No.

If you entered "YES", then proceed to question #5. If you entered "NO", then proceed to question #8.

5.     Do you find that Plaintiff was harmed?

_____ Yes. __X__ No.

If you entered "YES", proceed to question #6. If you entered "NO", proceed to question #8.

6.     Do you find that Defendants' conduct was a substantial factor in causing the harm to Plaintiff?

_____ Yes. _____ No.

If you entered "YES , proceed to question #7. If you entered "NO", proceed to question #8.

7. How much has Plaintiff been damaged by Defendants' conduct?

$_____

8.     Do you find Kim Taylor acquired ownership of the domain SYNDICATIONLAWYERS.COM when she registered it?

__X__ Yes. _____ No.

If you entered "YES", proceed to question #10. If "NO", proceed to question #9.

9. Do you find that Kim Taylor acquired ownership of the domain SYNDICATIONLAWYERS.COM on behalf of Trowbridge & Taylor when she registered it?

____ Yes. _____ No.

If you entered "YES", proceed to question #11. If "NO", proceed to question #10.

10. Do you find that Kim Taylor transferred her ownership in SYNDICATIONLAWYERS.COM to the Trowbridge & Taylor partnership instead of simply allowing the partnership to use it?

__X__ Yes. _____ No.

If you entered "YES", please proceed to question #11. If you entered "NO" please proceed to question #17.

11. Do you find that Trowbridge & Taylor transferred its ownership in SYNIDCATIONLAWYERS.COM to the Trowbridge Taylor Sidoti partnership?

__X__ Yes. _____ No.

If you entered "YES", please proceed to question #12. If you entered "NO" please proceed to question #17.

12.     Do you find that Plaintiff Trowbridge Sidoti LLP ("Plaintiff") has proven by a preponderance of the evidence that it owned, possessed or had the right to possess the SYNDICATIONLAWYERS.COM domain?

__X__ Yes. _____ No.

If you entered "YES", please proceed to question #13. If you entered "NO", please proceed to question #17.

13.     Do you find that the Plaintiff has proven by a preponderance of the evidence that Kim Taylor or Syndication Attorneys PLLC ("Defendants") intentionally and substantially interfered with Trowbridge Sidoti's domain, SYNDICATIONLAWYERS.COM?

__X__ Yes. ____ No.

If you entered "YES", then proceed to question #14. If you entered "NO", then proceed to question #17.

14.     Do you find that Plaintiff was harmed?

__X__ Yes. _____ No.

If you entered "YES", proceed to question #15. If you entered "NO", proceed to question #17.

15. Do you find that Defendants' conduct was a substantial factor in causing the harm to Plaintiff?

__X__ Yes. _____ No.

If you entered "YES, proceed to question #16. If you entered "NO", proceed to question #17.

16. How much has Plaintiff been damaged by Defendants' conduct?

$ <u>7,800.00</u>

Please proceed to question #17.

17. Do you find Kim Taylor acquired ownership of the domain SYNDICATIONATTORNEYS.COM when she registered it?

_____ Yes. __X__ No.

If you entered "YES", proceed to question #19. If "NO", proceed to question #18.

18. Do you find that Kim Taylor acquired ownership of the domain SYNDICATIONATTORNEYS.COM on behalf of Trowbridge & Taylor when she registered it?

__X__ Yes. _____ No.

If you entered "YES", proceed to question #20. If "NO", proceed to question #19.

19. Do you find that Kim Taylor transferred her ownership in SYNDICATIONATTORNEYS.COM to the Trowbridge & Taylor partnership instead of simply allowing the partnership to use it?

____ Yes. _____ No.

If you entered "YES", please proceed to question #20. If you entered "NO" please proceed to question #26.

20. Do you find that Trowbridge & Taylor transferred its ownership in SYNIDCATIONATTORNEYS.COM to the Trowbridge Taylor Sidoti partnership?

__X__ Yes. _____ No.

If you entered "YES", please proceed to question #21. If you entered "NO" please proceed to question #26.

21. Do you find that Plaintiff Trowbridge Sidoti LLP ("Plaintiff") has proven by a preponderance of the evidence that it owned, possessed or had the right to possess the SYNDICATIONATTORNEYS.COM domain?

__X__ Yes. _____ No.

If you entered "YES", please proceed to question #22. If you entered "NO", please proceed to question #26.

22.	Do you find that the Plaintiff has proven by a preponderance of the evidence that Kim Taylor or Syndication Attorneys PLLC ("Defendants") intentionally and substantially interfered with Trowbridge Sidoti's domain, SYNDICATIONATTORNEYS.COM?

__X__ Yes. ____ No.

If you entered "YES", then proceed to question #23. If you entered "NO", then proceed to question #26.

23.	Do you find that Plaintiff was harmed?

_____ Yes. __X__ No.

If you entered "YES", proceed to question #24. If you entered "NO", proceed to question #26.

24.	Do you find that Defendants' conduct was a substantial factor in causing the harm to Plaintiff?

_____ Yes. _____ No.

If you entered "YES" , proceed to question #25. If you entered "NO", proceed to question #26.

25.	How much has Plaintiff been damaged by Defendants' conduct?

$_____

Please proceed to question #26.

26. Do you find Kim Taylor acquired ownership of the domains: PRIVATEMONEYLAW.COM, THESYNDICATIONATTORNEYS.COM and THESYNDICATIONLAWYERS.COM when she registered them?

_____ Yes. __X__ No.

If you entered "YES", proceed to question #28. If "NO", proceed to question #27.

27. Do you find that Kim Taylor acquired ownership of the domains: PRIVATEMONEYLAW.COM, THESYNDICATIONATTORNEYS.COM and THESYNDICATIONLAWYERS.COM on behalf of the Trowbridge & Taylor partnership when she registered them?

__X__ Yes. _____ No.

If you entered "YES", proceed to question #29. If "NO", proceed to question #28.

28. Do you find that Kim Taylor transferred her ownership in PRIVATEMONEYLAW.COM, THESYNDICATIONATTORNEYS.COM and THESYNDICATIONLAWYERS.COM to the Trowbridge & Taylor partnership instead of simply allowing the partnership to use it?

_____ Yes. _____ No.

If you entered "YES", please proceed to question #29. If you entered "NO" please proceed to question #35.

29.    Do you find that Trowbridge & Taylor transferred its ownership in PRIVATEMONEYLAW.COM, THESYNDICATIONATTORNEYS.COM and THESYNDICATIONLAYWERS.COM to the Trowbridge Taylor Sidoti partnership?

__X__ Yes. _____ No.

If you entered "YES", please proceed to question #30. If you entered "NO" please proceed to question #35.

30.    Do you find that Plaintiff Trowbridge Sidoti LLP ("Plaintiff") has proven by a preponderance of the evidence that it owned, possessed or had the right to possess                                                    PRIVATEMONEYLAW.COM, THESYNDICATIONATTORNEYS.COM                                         and THESYNDICATIONLAWYERS.COM domains?

__X__ Yes. _____ No.

If you entered "YES", please proceed to question #31. If you entered "NO", please proceed to question #35.

31.    Do you find that the Plaintiff has proven by a preponderance of the evidence that Kim Taylor or Syndication Attorneys PLLC ("Defendants") intentionally and substantially      interfered      with      Trowbridge      Sidoti's      domains:

PRIVATEMONEYLAW.COM, THESYNDICATIONATTORNEYS.COM and THESYNDICATIONLAWYERS.COM?

__X__ Yes. ____ No.

If you entered "YES", then proceed to question #32. If you entered "NO", then proceed to question #35.

32.   Do you find that Plaintiff was harmed?

_____ Yes. __X__ No.

If you entered "YES" , proceed to question #33. If you entered "NO", proceed to question #35.

33.   Do you find that Defendants' conduct was a substantial factor in causing the harm to Plaintiff?

_____ Yes. _____ No.

If you entered "YES" , proceed to question #34. If you entered "NO", proceed to question #35.

34.   How much has Plaintiff been damaged by Defendants' conduct?

$_____

Please proceed to question #35.

35. Do you find Kim Taylor acquired ownership of the domains: Regaattorney.com, Reg-A.com, Regulation-a.com and Regulationas.com when Tim Ivey registered them Kim Taylor's account?

\_\_\_\_\_ Yes. \_\_X\_\_ No.

If you entered "YES", proceed to question #37. If "NO", proceed to question #36.

36. Do you find that Kim Taylor acquired ownership of the domains: Regaattorney.com, Reg-A.com, Regulation-a.com and Regulationas.com on behalf of the Trowbridge Taylor Sidoti partnership when Tim Ivey registered them in Kim Taylor's account?

\_\_X\_\_ Yes. \_\_\_\_ No.

If you entered "YES", proceed to question #38. If "NO", proceed to question #37.

37. Do you find that Kim Taylor transferred her ownership in Regaattorney.com, Reg-A.com, Regulation-a.com and Regulationas.com to the Trowbridge Taylor Sidoti partnership instead of simply allowing the partnership to use it?

\_\_\_\_ Yes. \_\_\_\_\_ No.

If you entered "YES", please proceed to question #38. If you entered "NO" please proceed to question #43.

38. Do you find that Plaintiff Trowbridge Sidoti LLP ("Plaintiff") has proven by a preponderance of the evidence that it owned, possessed or had the right to

possess Regaattorney.com, Reg-A.com, Regulation-a.com and Regulationas.com domains?

__X__ Yes. _____ No.

If you entered "YES", please proceed to question #39. If you entered "NO", please proceed to question #43.

39.    Do you find that the Plaintiff has proven by a preponderance of the evidence that Kim Taylor or Syndication Attorneys PLLC ("Defendants") intentionally and substantially interfered with Trowbridge Sidoti's domains: Regaattorney.com, Reg-A.com, Regulation-a.com and Regulationas.com

__X__ Yes. ____ No.

If you entered "YES", then proceed to question #40. If you entered "NO", then proceed to question #43.

40.    Do you find that Plaintiff was harmed?

_____ Yes. __X__ No.

If you entered "YES" , proceed to question #41. If you entered "NO", proceed to question #43.

41.    Do you find that Defendants' conduct was a substantial factor in causing the harm to Plaintiff?

_____ Yes. _____ No.

If you entered "YES", proceed to question #42. If you entered "NO", proceed to question #43.

42.  How much has Plaintiff been damaged by Defendants' conduct?

$_____

Please proceed to question #43.

43.  If you entered "No" or did not answer questions: 14, 23, 32, and 40 then sign and date the verdict form. You have completed your deliberations.

If you entered "Yes" in any of questions: 14, 23, 32 or 40, then proceed to question #44.

44.  If you entered any amounts in response to questions: 16, 25, 34 or 42 then enter the sum of these amounts in the space below.

$7,800.00.

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED, pursuant to the jury verdict entered on February 23, 2018 (ECF No. 108), and the Court's entry of partial summary judgment against Plaintiff's first, second, and third claims for relief on August 28, 2017 (ECF No. 62), that:
1.  Plaintiff's first claim for False Designation of Origin (15 U.S.C. § 1125(a)), second claim for violation of California Business & Professions Code

§ 17200, and third claim for violation of common law unfair competition are dismissed with prejudice, as explained in the Court's August 28, 2017, Order. (ECF No. 62.)

2. Counterclaimant Kim Lisa Taylor's claim for an accounting is dismissed with prejudice pursuant to a settlement on the record during trial.

//

//

3. Defendants must pay Plaintiff $7,800.00 in damages, which may be offset against the settlement funds, as set forth on the record at trial, plus post-judgment interest, as may be provided by law.

**IT IS SO ORDERED.**

Date: March 6, 2018

Hon. Otis D. Wright, II
UNITED STATES DISTRICT JUDGE