ROBERT WEISS (SBN 118842)
**NARVID SCOTT LLP**
15165 Ventura Blvd., Suite 315
Sherman Oaks, CA 91403-3373
Voice: (818) 907-8986 ext. 129
Fax: (818) 907-9896

CRAIG A. GELFOUND (SBN 176378)
MICHAEL G. OLEINIK (SBN 181163)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Telephone: 213.629.7400
Facsimile: 213.629.7401

Attorneys for Defendants and Counterclaimants
KIM LISA TAYLOR and SYNDICATION
ATTORNEYS, PLLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROWBRIDGE SIDOTI LLP,<br><br>        Plaintiff and<br>        Counterclaim<br>        Defendant<br><br>v.<br><br>KIM LISA TAYLOR and<br>SYNDICATION ATTORNEYS PLLC,<br><br>        Defendants and<br>        Counterclaimants. | Case No.  8:16-CV-771-ODW-SK<br><br>Honorable Odis D. Wright II<br><br>DEFENDANTS/COUNTER-CLAIMANTS' KIM LISA TAYLOR AND SYNDICATION ATTORNEYS, PLLC NOTICE OF MOTION AND MOTION TO BE DECLARED THE PREVAILING PARTY, AND FOR AN AWARD OF ATTORNEY FEES; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>DATE:     April 23, 2018<br>TIME:     1:30 p.m.<br>CTRM:    5D |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL

INTERESTED PARTIES:

        PLEASE TAKE NOTICE that on April 23, 2018, at 1:30 p.m., or as soon as

the matter may be heard, in Courtroom 5D of the above-entitled Court, located at

350 W. 1st Street, Los Angeles, CA. 90012, DEFENDANTS/COUNTER-CLAIMANTS' KIM LISA TAYLOR AND SYNDICATION ATTORNEYS, PLLC ("Defendants") will and do hereby move to be declared the prevailing party and for an award of attorney fees against Plaintiff Trowbridge Sidoti LLP ("Plaintiff" or "TS").

This Motion is made on the grounds that Defendant won summary judgment and succeeded in obtaining an Order dismissing Plaintiff's federal claim for trademark infringement under the Lanham Act, as well as Plaintiff's state law and common law claims for unfair competition.

This Motion is based on this Notice of Motion and Motion, attached Memorandum of Points and Authorities, the concurrently filed Declarations of Robert Peter Weiss, Kim Lisa Taylor, Patti Leisenring and Craig Gelfound, and all pleadings and records on file in this action, and all briefs, papers and arguments that the Court may consider.

Defendants' counsel has met and conferred with opposing counsel on the subject matter of this Motion in compliance with Local Rule 7-3, both verbally and in writing, on several occasions, the last time being my telephone conversation with attorney Gordon Gregory on March 19, 2018 with regard to having our competing motions heard on the same date.

Dated: March 19, 2018

**ARENT FOX LLP**

CRAIG A. GELFOUND
MICHAEL G. OLEINIK

**NARVID SCOTT LLP**
ROBERT WEISS

/s/

By _____

Robert Peter Weiss
Attorneys for Defendants/Counter
Claimants Kim Lisa Taylor and
Syndication Attorneys, PLLC

# **TABLE OF CONTENTS**

1.   INTRODUCTION ................................................................1

2.   GENERAL STATEMENT OF THE CASE ..........................................2

3.   LEGAL ARGUMENT ...........................................................5

    a.   The United States Supreme Court
        opinion in *Octane Fitness* ...........................................5

    b.   *Octane Fitness* applies to both patent and
        trademark cases .....................................................6

    c.   The Ninth Circuit has applied *Octane Fitness* in
        trademark cases ....................................................8

    d.   A legally and factually weak claim qualifies
        as "exceptional" ...................................................9

4.   DETERMINATION OF PREVAILING PARTY UNDER
    FEDERAL LAW ...............................................................11

5.   DEFENDANTS ARE ENTITLED TO ATTORNEYS'
    FEES INCURRED DEFENDING PLAINTIFF'S
    LANHAM ACT CLAIMS AND OTHER INTERTWINED
    CLAIMS. ....................................................................15

6.   DEFENDANTS' ATTORNEYS' FEES ARE REASONABLE ........15

    A.   Defendants' Attorneys Spent a Reasonable Number of
        Hours on this Case. ................................................15

    B.   Defendants' Attorneys' Hourly Rates Are Reasonable. ..........16

    C.   Defendants Are Entitled To Recover Fees Incurred
        Bringing this Motion. ..............................................17

    D.   Defendants Are Entitled To Recover Nontaxable Costs. .........18

7.   CONCLUSION ................................................................18

i

DEFENDANTS/COUNTER-CLAIMANTS' KIM LISA TAYLOR AND SYNDICATION ATTORNEYS, PLLC NOTICE OF
MOTION AND MOTION TO BE DECLARED THE PREVAILING PARTY, AND FOR AN AWARD OF ATTORNEY FEES

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Albrecht v. Tkachenko*
No. 14-CV-05442-VC, 2015 WL 2227607, at *1
(N.D. Cal. May 11, 2015) ............................................................9, 15

*Camacho v. Bridgeport Fin., Inc.*
523 F.3d 973 (9th Cir. 2008) ......................................................17

*Fair Wind Sailing, Inc. v. Dempster*
764 F.3d 303 (2014) ...................................................................6, 7

*Farrar v. Hobby*
506 U.S. 103 (1992) ...................................................................12

*Georgia-Pacific Consumer Products LP v. Von Drehle Corp.*
781 F.3d 710 (2015) ...................................................................7, 8

*Gracie v. Gracie*
217 F.3d 1060 (9th Cir. 2000) ...................................................15

*Graham-Sult v. Clainos*
756 F.3d 724 (9th Cir. 2014) .....................................................17, 18

*Lahoti v. Vericheck, Inc.*
636 F.3d 501 (9th Cir. 2011) .....................................................1

*Morales v. City of San Rafael*
96 F.3d 359 (9th Cir. 1996) .......................................................15

*Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*
771 F.2d 521 (1985) ...................................................................5

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*
134 S. Ct. 1749 (2014) ............................................... 1, 5, 6, 7, 8, 9, 10

*Repub. Tobacco Co. v. N. Atl. Trading Co.*
481 F.3d 442, 446 (7th Cir. 2007) ............................................11

ii

DEFENDANTS/COUNTER-CLAIMANTS' KIM LISA TAYLOR AND SYNDICATION ATTORNEYS, PLLC NOTICE OF
MOTION AND MOTION TO BE DECLARED THE PREVAILING PARTY, AND FOR AN AWARD OF ATTORNEY FEES

*Slane v. Mariah Boats, Inc.*
        164 F.3d 1065 (7th Cir.), cert. denied, 527 U.S. 1005 (1999) ............11

*Smart v. Local 702 Int'l Bhd. of Elec. Workers*
        573 F.3d 523 (7th Cir. 2009) ........................................................11, 12

*Sommerfield v. City of Chicago*
        2012 WL 5381255, at *2 (N.D. Ill. Oct. 31, 2012) ...........................11

*SunEarth, Inc. v. Sun Earth Solar Power Co.*
        2016 WL 6156039, at *2 (9th Cir. Oct. 24, 2016) ......................1, 8, 9

*Trustees of Const. Indus. & Laborers Health & Welfare Trust*
*v. Redland Ins. Co.*
        460 F.3d 1253 (9th Cir. 2006) ..........................................................18

**STATE CASES**

*Niederer v. Ferreira*
        184 Cal.App.3d 1485 (1987) .............................................................13

*Santisas v. Goodin*
        17 Cal.4th 599, 71 Cal.Rptr.2d 830; 951 P.2d 399 (1998) ................14

**STATUTES**

Federal Practice and Procedure
        § 2667 (3d ed. 2006)..........................................................................12

Federal Rules of Civil Procedure
        R 54(d)................................................................................................11

Lanham Act
        §2(f)   ....................................................................................................3
        §35(a) .................................................................................................5, 6

Patent Act
        §285   .................................................................................................6, 7

15 U.S.C.
        §1117(a)........................................................................................1, 7, 10

DEFENDANTS/COUNTER-CLAIMANTS' KIM LISA TAYLOR AND SYNDICATION ATTORNEYS, PLLC NOTICE OF
MOTION AND MOTION TO BE DECLARED THE PREVAILING PARTY, AND FOR AN AWARD OF ATTORNEY FEES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    INTRODUCTION

Plaintiff Trowbridge filed its lawsuit on April 25, 2016 alleging claims for:

(1) False Designation of Origin – 15 U.S.C. § 1125(a)

(2) State Law Unfair Competition – Cal. Bus. & Prof. Code § 17200

(3) Common Law Unfair Competition

(4) Common Law Conversion

By Order dated August 28, 2017, this Court granted Defendants' Motion for Partial Summary Judgement as to the Plaintiff's first, second and third claims.[1]  The action proceeded to trial only as to the fourth claim for Common Law Conversion. The parties settled Taylor's counter-claim on the first day of trial, which settlement was placed on the record.  TS has already paid the $30,000 settlement.

Title 15, section 1117(a) of the United States Code authorizes an award attorneys' fees to the prevailing party in exceptional Lanham Act cases. (*Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 510 (9th Cir. 2011).)  In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.* (2014) 134 S. Ct. 1749, the United States Supreme Court noted that a "case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." Id. at 1757; *accord SunEarth, Inc. v. Sun Earth Solar Power Co.*, No. 13-17622, 2016 WL 6156039, at *2 (9th Cir. Oct. 24, 2016) (concluding that *Octane Fitness* also "altered the analysis of fee applications under the Lanham Act").)  The matter at bar falls within the *Octane Fitness* definition of exceptional.

---

[1] Trowbridge Sidoti LLP's first, second, and third causes of action are all premised on its allegation that it owns a trademark for the phrase "Syndication Lawyers." (*See* Compl. ¶ 33.) In order to allege that Defendants violated various unfair competition laws based on their use of the "confusingly similar" marks "Syndication Attorney(s)," then, the validity of Trowbridge Sidoti LLP's mark is a necessary element. (*Id.*); *see Credit One Corp. v. Credit One Fin., Inc.*, 661 F. Supp. 2d 1134, 1137 (C.D. Cal. 2009). Trowbridge Sidoti LLP cannot prove that element.

## 2.     GENERAL STATEMENT OF THE CASE

TS is a California limited liability law partnership between Eugene Trowbridge and Jillian Sidoti which claimed to be the successor in interest to Trowbridge Taylor Sidoti LLP ("TTS"), a law partnership which included Defendant Kim Lisa Taylor.   The Court is already familiar with the facts and circumstances that gave rise to this lawsuit.   The evidence presented at trial clearly showed that upon resigning from TTS, Taylor made several attempts to work out a mutually beneficial arrangement with her former partners, even suggesting they share the SyndicationLawyers.com domain name and assist each other in marketing their respective services.   Unfortunately, Plaintiff would not hear of it and filed suit on April 25, 2016 against Kim Taylor personally, and her new Florida law firm, Syndication Attorneys, PLLC.

Plaintiff argued that Kim Taylor had no legal right to use of the term "Syndication Attorney" by virtue of its *purported* ownership of the mark "Syndication Lawyers," and thus was entitled to prohibit her and her law firm from identifying themselves as such.   But the law confers no such monopoly over terms generically and commonly used to describe a type of lawyer and/or general category of legal services.   This is no different than the lawyer who holds himself out as a "criminal defense attorney" or who advertises herself as a "family law attorney".   As this Court correctly noted in its Order granting partial summary judgment, this was the finding of the United States Patent & Trademark Office.[2] Despite the findings of the PTO, TS would not relent until defeated by this motion.

---

[2] Here, all of the available evidence demonstrates that Trowbridge Sidoti LLP does not have an ownership interest in the mark "Syndication Lawyers." In July 2016, the PTO refused to register the mark based on its finding that the mark was "merely descriptive." (Gelfound Decl. ¶ 2, Ex. A.) Thus, it is not entitled to a presumption of ownership. *See Quiksilver*, 466 F.3d at 744.

It is instructive to note that when Plaintiff filed its application with the PTO on March 26, 2016 to register Syndicationlawyers.com as a trademark, the claimed mark "consisted of [t]he word Syndication in teal on top of Lawyers in grey with teal .com running vertically on the right hand side of the word 'lawyers.'" <u>Their application erroneously claimed that the described mark had been in use since 2009, when in fact, it had only been created in January 2014 when TTS began operations</u>. Kim Lisa Taylor was the only person using SyndicationLawyers.com in 2009. Until January 2014, Trowbridge & Taylor, LLP (T&T), a California limited liability partnership pre-dating TTS owned by Eugene Trowbridge and Kim Taylor, had used a black and white logo design created by Kim Taylor's husband.  Thus, the application was not only legally unsupportable but factually incorrect, and essentially knowingly false.

In response to the PTO's non-final refusal, Plaintiff did not dispute that SyndicationLawyers.com is descriptive, but instead, attempted to show that although descriptive, the mark was still entitled to trademark protection because it had acquired distinctiveness or secondary meaning.  To do so, Plaintiff relied upon Section 2(f) of the Lanham Act to assert that the mark became distinctive, and therefore, entitled to protection, because of five years of "substantially exclusive and continuous use of the mark in commerce" (again based on their erroneous claim of usage history).  However, it elected *not* to submit *any* affirmative evidence that the mark had acquired secondary meaning.  On December 5, 2016, the PTO responded that Plaintiff was not entitled to the presumption of distinctiveness pursuant to Section 2(f) because SyndicationLawyers.com is "highly descriptive of applicant's services," *i.e.* Plaintiff was "engaging in SYNDICATION LAW or are SYNDICATION LAWYERS."  Rather than challenge the PTO's finding of lack of distinctiveness, Plaintiff effectively conceded that it had no such evidence and instead listed SyndicationLawyers.com on the Supplemental Register.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Order granting Defendants' Motion for Partial Summary Judgment goes on to state:

> "Trowbridge Sidoti LLP responded to the PTO's finding by claiming that the mark had become descriptive through its five years' use in commerce. (Gelfound Decl. ¶ 2, Ex. A.) In response, the PTO concluded that the five years of use was insufficient to show acquired distinctiveness because SyndicationLawyers.com "is highly descriptive of [Trowbridge Sidoti LLP's] services" due to the fact that Trowbridge Sidoti LLP is "engaging in SYNDICATION LAW or are SYNDICATION LAWYERS." (*Id.*) The PTO's refusal to register the mark occurred less than one year ago, on December 5, 2016. (*Id.*) Trowbridge Sidoti LLP did not submit further evidence of acquired distinctiveness to the PTO following this refusal. (*Id.*)
>
> Based on the above information, the Court gives deference to the PTO's finding of non-distinctiveness and determines that SyndicationLawyers.com and the phrase "Syndication Lawyers" are not valid trademarks for which Trowbridge Sidoti LLP is entitled to protection."

Plaintiff's false designation of origin claim under the Lanham Act was an obvious attempt to unlawfully withdraw a descriptive term from the public domain and wrongfully interfere with Kim Taylor's Florida law practice by denying her the ability to identify the type of law that she practices.  To confer trademark rights to Plaintiff for use of the term "Syndication Lawyers" would be contrary to the public interest in promoting competition and directly at odds with the policies of trademark law in distinguishing one merchant's products or services from those of another.  Likewise, to extend such a monopoly to "Syndication Attorneys" because it is allegedly "confusingly similar" would only further undermine the public policy of free and fair competition.

**The PTO** *twice* **rejected TS's application to register the mark containing the words "SyndicationLawyers.com" based on well-settled trademark law and common sense. It appears that this Court agreed with that analysis.**

3.    **LEGAL ARGUMENT**

  a.    **The United States Supreme Court opinion in** *Octane Fitness***.**

The 2014 Supreme Court decision in *Octane Fitness, supra*, significantly liberalized the standard for an award of attorney fees in both patent and trademark cases. The Court of Appeal applied its longstanding formulation that "exceptional cases" involved litigation that is (1) objectively baseless and (2) brought in "subjective bad faith." *Octane Fitness*, 134 S. Ct. at 1754. It also required clear and convincing evidence of both the lack of merit and the subjective bad faith.

The Supreme Court reversed, looking to the exact language of the statute and the clear intention of Congress in enacting the Lanham Act. Writing for the majority, Justice Sotomayor relied on the D.C. Circuit opinion in *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant* (1985) 771 F.2d 521, a trademark case that interpreted section 35(a) of the Lanham Act to mean "uncommon" or "not run-of-the-mill." Id. at 771 F.2d at 526. The high court reasoned that the Lanham Act provision is identical to the Patent Act fee provision at issue, holding that "an 'exceptional case' is simply one that stands out from others with respect to the substantive strength of a party's litigation position (considering both the governing law and facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756.

Prior to *Octane Fitness*, the requirement that the case was both objectively baseless and brought in subjective bad faith made it extremely difficult for the prevailing party to recover attorney fees. Likewise, insistence on clear and convincing evidence of misconduct or bad faith raised the bar too high. *Octane Fitness* instructed lower courts to determine whether a case is exceptional on a

5

case-by-case basis, evaluating the "totality of the circumstances" while exercising their discretion. Moreover, the Supreme Court held that an award of fees is justified even if the losing party's conduct does not rise to the level of bad faith.

### b. *Octane Fitness* applies to both patent and trademark cases

Although *Octane Fitness* did not directly address the Lanham Act, numerous courts have concluded that the same standard should apply since the attorney fees language is identical.  In *Fair Wind Sailing, Inc. v. Dempster* (2014) 764 F.3d 303 the Third Circuit noted that section 35(a) of the Lanham Act is identical to section 285 of the Patent Act, and held:

> "We therefore import Octane Fitness's definition of "exceptionality" into our interpretation of § 35(a) of the Lanham Act. Under Octane Fitness, a district court may find a case "exceptional," and therefore award fees to the prevailing party, when (a) there is an unusual discrepancy in the merits of the positions taken by the parties or (b) the losing party has litigated the case in an "unreasonable manner." *Id.*; cf. Green, 486 F.3d at 103 (noting that a district court may award fees as a result of either the circumstances of the Lanham Act violation or the way in which the losing party litigated the claim). Whether litigation positions or litigation tactics are "exceptional" enough to merit attorneys' fees must be determined by district courts "in the case-by-case exercise of their discretion, considering the totality of the circumstances." Octane Fitness, 134 S.Ct. at 1756. Importantly, that discretion is not cabined by a threshold requirement that the losing party acted culpably. The losing party's blameworthiness may well play a role in a district court's analysis of the "exceptionality" of a case, but Octane Fitness has eliminated the first step in our two-step test for awarding fees under § 35(a) of the Lanham Act."  [Emphasis added]

DEFENDANTS/COUNTER-CLAIMANTS' KIM LISA TAYLOR AND SYNDICATION ATTORNEYS, PLLC NOTICE OF MOTION AND MOTION TO BE DECLARED THE PREVAILING PARTY, AND FOR AN AWARD OF ATTORNEY FEES

*Fair Wind* is directly on point because the plaintiff sued a terminated employee whose competing business allegedly infringed the plaintiff's trade dress. The Defendant successfully moved to dismiss the complaint which failed to allege sufficient facts, and the district court awarded attorney fees to the defendant.

Similarly, in *Georgia-Pacific Consumer Products LP v. Von Drehle Corp.* (2015) 781 F.3d 710 the Fourth Circuit commented that there is no reason not to apply the Octane Fitness standard when considering the award of attorney fees under § 1117(a) because the language of § 1117(a) and § 285 are identical, citing *Fair Wind* and pointing out that:

> "Not only is § 285 identical to [§ 1117(a) ], but Congress referenced § 285 in passing [§ 1117(a)]").

In both cases, the appellate court remanded the attorney fee issue to the district court because it did not have the benefit of the *Octane Fitness* standard when ruling on the motion for an award of attorney fees.

> "Thus, we conclude that a district court may find a case "exceptional" and therefore award attorneys fees to the prevailing party under § 1117(a) when it determines, in light of the totality of the circumstances, that (1) "there is an unusual discrepancy in the merits of the positions taken by the parties," Fair Wind Sailing, 764 F.3d at 315, based on the non-prevailing party's position as either frivolous or objectively unreasonable, see Octane Fitness, 134 S.Ct. at 1756 n. 6; (2) the non-prevailing party "has litigated the case in an 'unreasonable manner,' " Fair Wind Sailing, 764 F.3d at 315 (quoting Octane Fitness, 134 S.Ct. at 1756); or (3) there is otherwise "the need in particular circumstances to advance considerations of compensation and deference," Octane Fitness, 134 S.Ct. at 1756 n. 6 (quoting Fogerty, 510 U.S. at 534 n. 19) (internal quotation marks omitted)."

DEFENDANTS/COUNTER-CLAIMANTS' KIM LISA TAYLOR AND SYNDICATION ATTORNEYS, PLLC NOTICE OF MOTION AND MOTION TO BE DECLARED THE PREVAILING PARTY, AND FOR AN AWARD OF ATTORNEY FEES

*Georgia-Pacific* involved in an infringement action against a competitor. The district court upheld a jury verdict for the plaintiff and awarded attorney fees. <u>It is clear that the Supreme Court intended in *Octane Fitness* to put some teeth in the fee-shifting provisions of the Patent and Lanham Acts.</u>  The high court also signaled that the lower courts' decisions be reviewed only for abuse of discretion.

**c**.     **The Ninth Circuit has applied *Octane Fitness* in trademark cases**

In *Sunearth, Inc. v. Sun Earth Solar Power Co.,*No. 13-17622 (Oct. 24, 2016) the Ninth Circuit *en banc* discussed *Octane Fitness*, writing:

"The Supreme Court held that a district court analyzing a request for fees under the Patent Act should look to the "totality of the circumstances" to determine if the infringement was exceptional. Octane Fitness, 134 S.Ct. at 1756. The Supreme Court explained that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Id. The Court eschewed a "precise rule or formula for making these determinations" and instructed that "equitable discretion should be exercised 'in light of the considerations we have identified.' " Id. (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)). <u>Specifically, the Court cited a "'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'</u> " Id. at 1756 n.6 (quoting Fogerty, 510 U.S. at 534 n.19, 114 S.Ct. 1023). The Court further clarified that the applicable burden of proof for fee entitlement was the preponderance of the evidence standard and not proof by "clear and convincing evidence." Id. at 1758." [Emphasis added]

8

1
2
3
4
5

   **In the matter at bar, TS knew that it had no trademark before filing this lawsuit, and was well aware within a few months that its application had been rejected by the PTO.  Furthermore, the application contained false statements.  Nor was evidence of secondary meaning offered to the PTO or to this Court.  Thus, the action was objectively unreasonable and motivated by bad faith.**

6
7

   d.   **A legally and factually weak claim qualifies as "exceptional"**

   The Ninth Circuit held in *Sunearth, supra* that:

8
9
10
11
12
13
14
15

   "We agree with the majority of our sister circuits and conclude that Octane Fitness and Highmark have altered the analysis of fee applications under the Lanham Act. Therefore, district courts analyzing a request for fees under the Lanham Act should examine the "totality of the circumstances" to determine if the case was exceptional, Octane Fitness, 134 S.Ct. at 1756, <u>exercising equitable discretion in light of the nonexclusive factors identified in Octane Fitness and Fogerty, and using a preponderance of the evidence standard</u>." [Emphasis added]

16
17
18
19
20
21
22

   The clear trend in the Ninth Circuit and elsewhere is for the district courts to examine the totality of circumstances and apply equitable considerations to award attorney fees to the Defendant who prevails against a legally and factually weak Lanham Act claim. (*E.g., Albrecht v. Tkachenko*, No. 14-CV-05442-VC, 2015 WL 2227607, at *1 (N.D. Cal. May 11, 2015) ("Because the plaintiff's Lanham Act claim was groundless, unreasonable, [and] vexatious, this is an exceptional case and the defendant . . . is entitled to attorneys' fees and costs").)

23
24
25

   **Here, this Court determined that TS could not prove its first, second or third claims as a matter of law.[3]  Nor did Plaintiff disclose actual evidence in**

26
27
28

---

[3] Trowbridge Sidoti LLP attempts to argue that its unfair competition claims should not be foreclosed as a matter of law because its mark "can" acquire distinctiveness. (Opp'n to Defs. MPSJ 8, ECF No. 43.) However, it cites no authority for the proposition that the ability or potential to acquire distinctiveness in the future carries the right to prevent others from using the

DEFENDANTS/COUNTER-CLAIMANTS' KIM LISA TAYLOR AND SYNDICATION ATTORNEYS, PLLC NOTICE OF MOTION AND MOTION TO BE DECLARED THE PREVAILING PARTY, AND FOR AN AWARD OF ATTORNEY FEES

**discovery, or present evidence in opposition to Defendants' motion to establish a triable issue of material fact to support its secondary meaning argument.**

> "Trowbridge Sidoti LLP also argues that there is a genuine issue of fact as to whether the mark has acquired secondary meaning in the minds of the consuming public (*Id.* at 9), but the Court finds that this argument is conclusory and disagrees with the sentiment. <u>Trowbridge Sidoti LLP would have to submit overwhelming evidence of secondary meaning to combat the recent PTO finding that the subject mark lacks distinctiveness, and it has failed to do so</u>. *See Anderson*, 477 U.S. at 252 ("[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [in a summary judgment proceeding]")."  [Emphasis added]

***Octane Fitness* and its progeny instruct the trial courts to consider the unusual discrepancy in the merits of the positions taken by the parties.**

What evidence was actually offered to either the PTO or this Court to support any trademark right, or to justify Plaintiff's efforts to effectively shut down Kim Taylor's Florida law practice under the name Syndication Attorneys, PLLC?  Not only was the name clearly descriptive, but no evidence was presented through customer surveys, sworn declarations or some indication of secondary meaning. <u>This was clearly a frivolous claim brought under circumstances that suggest a *David vs. Goliath* effort to bully Ms. Taylor to surrender or spend herself into bankruptcy</u>.  That is the sort of bad faith motivation that justifies an attorney fee award based on the Supreme Court's analysis of § 1117(a) of the Lanham Act.

---

(currently non-distinctive) mark in the present. If that were the rule, any person or entity could essentially reserve any non-distinctive mark just by claiming that it was possible for the mark to acquire secondary meaning, and thus distinctiveness, in the future. The Court cannot allow such a result.

DEFENDANTS/COUNTER-CLAIMANTS' KIM LISA TAYLOR AND SYNDICATION ATTORNEYS, PLLC NOTICE OF MOTION AND MOTION TO BE DECLARED THE PREVAILING PARTY, AND FOR AN AWARD OF ATTORNEY FEES

Furthermore, the evidence at trial shows that TS acted from an improper motive to shut down Defendants' law practice, and to harm Kim Taylor because of their falling out.  The accompanying Declaration of Kim Lisa Taylor as well as that of her trial counsel will remind the Court of the written and testimonial evidence presented at trial to the effect that Eugene Trowbridge felt betrayed by Ms. Taylor after he taught her all she knows, and that Jillian Sidoti encouraged this rift by misrepresenting to him that Kim Taylor wanted to kick him out of the law firm.

4. **DETERMINATION OF PREVAILING PARTY UNDER FEDERAL LAW**

*Federal Rules of Civil* Procedure, R 54(d) provides in pertinent part:

(2) *Attorney's Fees.*

(A) *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."

In general, a party prevails for purposes of Rule 54(d) when a final judgment awards it "substantial relief." Smart v. Local 702 Int'l Bhd. of Elec. Workers, 573 F.3d 523, 525 (7th Cir. 2009). A party that gets substantial relief prevails "even if it doesn't win on every claim." Slane v. Mariah Boats, Inc., 164 F.3d 1065, 1068 (7th Cir.), cert. denied, 527 U.S. 1005 (1999). In Sommerfield v. City of Chicago, No. 06 C 3132, 2012 WL 5381255, at *2 (N.D. Ill. Oct. 31, 2012), for example, the plaintiff was determined to be the prevailing party because the jury had returned a verdict in his favor on two counts, awarding him $30,000, even though the jury had found against him on a third count and two other counts had been dismissed at the summary judgment stage. Sommerfield also exemplifies the concept that "a determination of who is the prevailing party for purposes of awarding costs should not depend on the position of the parties at each stage of the litigation but should be made when the controversy is finally decided." Repub. Tobacco Co. v. N. Atl.

11

Trading Co., 481 F.3d 442, 446 (7th Cir. 2007) (quoting 10 Charles A. Wright et al., Federal Practice and Procedure § 2667 (3d ed. 2006)); see also Smart, 573 F.3d at 525 (a "final judgment" awarding substantial relief is "one that resolves all claims against all parties").  [Emphasis added]

**Regardless of the number of claims dismissed or the final tally of motions won and lost, state and federal courts look to the final outcome of the lawsuit and the ultimate change in the legal relationship between the parties.**

In *Farrar v. Hobby* (1992) 506 U.S. 103 the U.S. Supreme Court wrote:

"Finally, in *Texas State Teachers Assn.* v. *Garland Independent School Dist.*, 489 U.S. 782 (1989), we synthesized the teachings of *Hewitt* and *Rhodes*. "[T]o be considered a prevailing party within the meaning of § 1988," we held, "the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." 489 U. S., at 792. We reemphasized that "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Id.*, at 792-793. Under this test, the plaintiffs in *Garland* were prevailing parties because they "obtained a judgment vindicating [their] First Amendment rights [as] public employees" and "materially altered the [defendant] school district's policy limiting the rights of teachers to communicate with each other concerning employee organizations and union activities." *Id.*, at 793.

How did this bitter and expensive litigation change the legal relationship of the parties? Defendants defeated 3 out of 4 of Plaintiff's claims, obtained a favorable settlement on their counter-claim, and prevailed on all but one of 10 conversion claims.  TS recovered only $7,800 because of Defendants' conversion of the SyndicationLawyers.com domain name.  Neither the jury verdict nor the Judgment required Defendants to return any domain names, only to pay damages. Thus, Plaintiff failed to achieve most of its litigation objectives.

Each side spent several hundred thousand dollars litigating when Kim Taylor repeatedly offered to settle.   Unfortunately, S insisted on an all or nothing resolution which Ms. Taylor could not accept.   Thus, Kim Taylor stood up to TS and won the federal and related state law claims brought by Plaintiff despite the fact that the PTO had determined that there was no trademark, and thus no infringement.

**Given the obvious objectives of the parties to this litigation, Defendants succeeded on the vast majority of her claims, while TS recovered a few dollars.**

Here, Kim Taylor incurred substantial attorneys' fees during the 16 months of litigation leading up to her successful summary judgment motion.   We ask the Court to review the invoices sent to Ms. Taylor which are attached to the Declaration of Patti Leisenring, and are discussed in the accompanying Declaration of Robert Peter Weiss.

Factors considered in determining a reasonable attorneys' fee award include the nature of the litigation and its difficulty; the amount involved; the skill required and employed in handling the litigation; the attention given to the case; the attorney's success, learning, age, and experience in the particular type of the work demanded; the intricacy and importance of the litigation; the labor and necessity for skilled legal training and ability in litigating the case; and the amount of time spent on the case. (Niederer v. Ferreira (1987) 184 Cal.App.3d 1485, 157.)   However, while the amount of money involved in the litigation is a factor, Niederer holds that it is not a controlling factor – citing a U.S. Supreme Court case in which $245,456 was held to be a reasonable fee to secure a judgment of $33,350 (at p. 1507)

In the matter at bar, Defendants' attorney, Robert Peter Weiss, has been practicing law for thirty-four years and is a veteran of 42 jury and bench trials.   Co-counsel Craig Gelfound is a partner at Arent Fox and a recognized intellectual property expert.   Billing rates of $495 to $650 per hour are not unusual for the greater Los Angeles area for a matter of this complexity within this practice area.

**Ultimately the Court must consider what were the objectives of the two warring parties at the outset of the lawsuit, and throughout the litigation process?  Kim Taylor insisted from beginning to end that she has the right to market her services as a syndication attorney, which is a generic and descriptive term and not the sole property of the Plaintiff, and she continues to rightfully do so in light of the outcome of this case.**

As the California Supreme Court wrote in *Santisas v. Goodin* (1998) 17 Cal.4th 599, 71 Cal.Rptr.2d 830; 951 P.2d 399

> "Giving the term "prevailing party" its ordinary or popular sense, the seller defendants are the prevailing parties in this litigation. Plaintiffs' objective in bringing this litigation was to obtain the relief requested in the complaint. The objective of the seller defendants in this litigation was to prevent plaintiffs from obtaining that relief. <u>Because the litigation terminated in voluntary dismissal with prejudice, plaintiffs did not obtain by judgment any of the relief they requested, nor does it appear that plaintiffs obtained this relief by another means, such as a settlement.</u> Therefore, plaintiffs failed in their litigation objective and the seller defendants succeeded in theirs. Giving the term "prevailing party" its ordinary or popular meaning, the seller defendants are the "prevailing part[ies]" under their agreement with plaintiffs, and, if we consider only the rules of contract law, they are entitled to recover the amounts they incurred as attorney fees in defending all claims asserted in this action." [Emphasis added]

Kim Taylor defeated Plaintiff's principal litigation objective and is thus the prevailing party.  <u>Plaintiff did not achieve its objective, which was to deny Ms. Taylor the opportunity to market her services using SyndicationAttorneys.com</u>.  On balance, Defendants are the winners and should be declared the prevailing party so that Kim Taylor can recover her attorney fees and costs.

14

**5.    DEFENDANTS ARE ENTITLED TO ATTORNEYS' FEES INCURRED DEFENDING PLAINTIFF'S LANHAM ACT CLAIMS AND OTHER INTERTWINED CLAIMS.**

An award of attorneys' fees under the Lanham Act may include fees for both Lanham Act and non-Lanham Act claims when they are, as here, inextricably intertwined and based on the same facts. (*Gracie v. Gracie*, 217 F.3d 1060, 1068 (9th Cir. 2000) ("In an award of reasonable attorney fees pursuant to the Lanham Act, a party [may] recover legal fees incurred in litigating non-Lanham Act claims [if] the Lanham Act claims and non-Lanham Act claims are so intertwined that it is impossible to differentiate between work done on claims."); *Albrecht*, 2015 WL 2227607, at *1 ("[T]he [non-Lanham Act] claims relied on the same factual allegations as the [Lanham Act] claim. It is therefore impossible to differentiate between the work done on these [non-Lanham Act] claims and the [Lanham Act] claim.").)  Here, Defendants defeated the one federal law claim as well as state and common law unfair competition claims that were all based on the same facts.

**6.    DEFENDANTS' ATTORNEYS' FEES ARE REASONABLE.**

Reasonable attorneys' fees must be calculated using the "lodestar" method. "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." (*Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).) Defendants' attorneys' fees, incurred as a direct, foreseeable result of the scorched-earth and bad-faith litigation strategy Plaintiff pursued, are objectively reasonable.

**A.    Defendants' Attorneys Spent a Reasonable Number of Hours on this Case.**

As documented in the declarations of Defendants' attorneys, sixteen months of hard fought litigation over the fate of Kim Taylor's law practice included among other things, preparation of pleadings, substantial written discovery including a

several hundred page document production, three (3) all day depositions, a lengthy Rule 26 disclosure, preparation for private mediation, and the research, drafting, revision and final editing of a successful Motion for Partial Summary Judgment, as well as review and research of Plaintiff's Opposition, and then the research, drafting and revision of Defendants' Reply papers.  All such work was performed as efficiently as possible so as to avoid expending unnecessary hours on this case.

Defendants' attorneys recorded their daily time in one-tenth-of-an-hour time increments, together with a description of daily work performed. (Weiss Dec. at ¶ 13; Gelfound Dec. at ¶7) The total attorney hours devoted to this effort as set forth in the declarations is estimated to be 200 hours through the hearing of this motion, for a total fee of $228,121.82. (Weiss Dec. at ¶¶ 13 -, 17; Gelfound Dec. at ¶¶ 7) The tasks performed by Defendants' counsel are summarized in the declarations of Defendants' attorneys filed in support of this motion.

### B. Defendants' Attorneys' Hourly Rates Are Reasonable.

The rates of Defendants' attorneys are also reasonable, ranging from $740.00 per hour for Craig Gelfound to $495.00 per hour for Robert Weiss, and lesser rates for associates.  As set forth in the accompanying attorney declarations, the vast majority of the work was performed by Robert Peter Weiss and Craig Gelfound, both of whom are extremely experienced trial and intellectual property attorneys, respectively.  Robert Weiss was first admitted to practice law in 1984, and has been employed or self-employed as a civil litigation attorney for thirty-three years, representing clients in both state and federal Court, and before both the California and Ninth Circuit Court of Appeal.  During his career, Mr. Weiss has been the primary handling attorney for 16 jury trials and 26 court trials, many of which have involved business and professional liability matters.

Similarly, Mr. Gelfound was first admitted to practice law in 1995, and has been practicing intellectual property law for twenty-three years. Mr. Gelfound is the

16

head of Arent Fox's Intellectual Property group in the Los Angeles office, leading more than 35 intellectual property attorneys and legal professionals. He is recognized as an expert in the intellectual property field. Recently, Mr. Gelfound was named for the seventh consecutive year by the Daily Journal as one of the Top Intellectual Property attorneys in California. He has been honored among the nation's best attorneys and as a leader in my field by Legal 500. The Los Angeles Business Journal recently named Mr. Gelfound as one of the "Most Influential IP Attorneys" in Los Angeles. He also serves as an adjunct member of the faculty at Southwestern University School of Law, where he teaches patent law. Plaintiffs herein were billed at the rate of $740.00 per hour for Mr. Gelfound's time which, given his experience and the complexity of this case, was both reasonable and necessary under the circumstances.

**C.    Defendants Are Entitled To Recover Fees Incurred For Tthis Motion.**

Because they are entitled to their attorneys' fees, Defendants are also entitled to the reasonable attorneys' fees incurred obtaining an attorneys' fees award, their so called "fees on fees." (*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) ("In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable."); *Graham-Sult v. Clainos*, 756 F.3d 724, 751-52 (9th Cir. 2014) (upholding fees on fees award to party prevailing on anti-SLAPP motion).)

In addition to the fees and costs incurred in bringing this motion, Defendants also seek the attorneys' fees they will incur replying to Plaintiff's opposition to this motion and preparing for and attending a hearing on the motion. Based on the fees incurred preparing the motion to dismiss reply briefing and preparing for and attending the motion to dismiss hearing in this case, Defendants estimate they will incur additional fees of $11,800.00. (Weiss Dec. at ¶ 14.)

### D.     Defendants Are Entitled To Recover Nontaxable Costs.

Defendants are also entitled to recovery for nontaxable costs that were reasonably incurred defending this case and which Defendants' counsel normally charge to clients, including Westlaw search fees and delivery charges. (*Trustees of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258-59 (9th Cir. 2006).) In total, Defendants are entitled to recover nontaxable costs in the amount of $6111.23 (Leisenring Dec. at ¶ 4.) 11 Alternatively, if this Court would prefer documentation in place of an estimate, Defendants can submit, within fourteen days after the Court grants this motion, documentation of actual fees incurred for the reply and in preparation for hearing. (*Graham-Sult v. Clainos*, No. CV 10-4877 CW, 2012 WL 994754, at *5 (N.D. Cal. Mar. 23, 2012), *rev'd on other grounds*, 756 F.3d 724 (9th Cir. 2014).)

## 7.     CONCLUSION

In light of the foregoing, Defendants' motion should be granted in its entirety, be declared the prevailing party, and are entitled to an Order awarding her reasonable attorney fees and costs of litigation in the amount of **$228,121,82**.

Dated: March 19, 2018

**ARENT FOX LLP**

CRAIG A. GELFOUND
MICHAEL G. OLEINIK

**NARVID SCOTT LLP**
ROBERT WEISS

/s/

By  _____

    Robert Peter Weiss
    Attorneys for Defendants and
    Counterclaimants
    Kim Lisa Taylor and Syndication
    Attorneys, PLLC

DEFENDANTS/COUNTER-CLAIMANTS' KIM LISA TAYLOR AND SYNDICATION ATTORNEYS, PLLC NOTICE OF MOTION AND MOTION TO BE DECLARED THE PREVAILING PARTY, AND FOR AN AWARD OF ATTORNEY FEES