MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
Email: jmandour@mandourlaw.com
BEN T. LILA (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorneys for plaintiff,
TROWBRIDGE SIDOTI LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROWBRIDGE SIDOTI LLP, a California Limited Liability Partnership,<br><br>Plaintiffs,<br><br>v.<br><br>KIM LISA TAYLOR, an individual; and SYNDICATION ATTORNEYS, PLLC, a Florida Professional Limited Liability Company,<br><br>Defendants. | Case No. 8:16-cv-00771-ODW-SK<br><br>**PLAINTIFF TROWBRIDGE SIDOTI LLP'S NOTICE OF MOTION AND MOTION FOR RECOVERY OF ATTORNEYS' FEES; MEMORANDUM IN SUPPORT THEREOF**<br><br>**Hearing:**<br>Date: April 23, 2018<br>Time: 1:30 pm<br>Courtroom: 5D<br>Judge: Hon. Otis D. Wright II |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 23, 2018, at 1:30 pm, or as soon thereafter as the matter may be heard in the above-entitled court, located at First Street Courthouse, 350 W. 1st Street, 5th Floor, Los Angeles, California 90012, in Courtroom 5D, before the Honorable Otis D. Wright II, Plaintiff Trowbridge Sidoti LLP, will and hereby does move this Court for an Order granting Plaintiff recovery of its attorneys' fees. This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the Declaration of Ben T. Lila submitted herewith, and such other and further papers, evidence and argument as may be submitted to the Court in connection with the hearing on this motion. This motion is made following the conference of counsel pursuant to L.R. 7-3 that took place on March 19, 2018.

Dated: March 20, 2018

Respectfully submitted,

**MANDOUR & ASSOCIATES, APC**

/s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for plaintiff,
TROWBRIDGE SIDOTI LLP

# TABLE OF CONTENTS

I.   INTRODUCTION AND SUMMARY OF ARGUMENT .................................1

II.  BACKGROUND FACTS ......................................................................................2

III. LEGAL STANDARDS FOR RECOVERY OF ATTORNEYS' FEES..........4

IV.  ARGUMENT .............................................................................................................5

  A. Plaintiff's Claim for Conversion Was Meritorious ...........................................5

  B. Plaintiff Requests Reasonable Attorneys' Fees. .................................................6

    1. The lodestar method for calculating attorneys' fees is appropriate. .............6

    2. Plaintiff's Counsel's Number of Hours Were Reasonable. ..........................7

    3. Plaintiff's Counsel's Hourly Rates Were Reasonable. ................................8

    4. Plaintiff is Entitled to Fees for Preparing this Motion. ...............................8

V.   CONCLUSION .........................................................................................................9


# **TABLE OF AUTHORITIES**

**Cases**

*Am. Bankers Mortgage Corp. v. Fed. Home Loan Mortgage Corp.*,
  75 F.3d 1401 (9th Cir. 1996) ...........................................................................5

*Brusso v. Running Springs Country Club, Inc.*
  (1991) 228 Cal.App.3d 92 ...............................................................................4

*Camacho v. Bridgeport Financial, Inc.*,
  523 F.3d 973 (9th Cir. 2008) ...........................................................................8

*Christian Research Institute v. Alnor*
  (2008) 165 Cal.App.4th 1315 .........................................................................5

*Figure Eight Holdings, LLC v. Dr. Jay's, Inc.*,
  2011 U.S. Dist. LEXIS 134089 (C.D. of Cal. Nov. 18, 2011) .......................4

*Gay Officers Action League v. Puerto Rico*,
  247 F.3d 288 (1st Cir. 2001) ...........................................................................7

*Gonzales v. Pers. Storage, Inc.*
  (1997) 56 Cal.App.4th 464 ..............................................................................4

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .......................................................6, 8

*Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67 (9th Cir. 1975) ............................6

*Morales v. City of San Rafael*,
  96 F.3d 359 (9th Cir. 1996) .............................................................................6

*Oakdale Vill. Grp. v. Fong* (1996) 43 Cal. App. 4th 539 ......................................5

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*,
  478 U.S. 546 (1986) .........................................................................................6

*Perdue v. Kenny A. ex. Rel. Winn*, 559 U.S. 542 (2010) .......................................6

*San Diego Police Officers Ass'n v. San Diego City Employees' Retirement Sys.*,
  568 F.3d 725 (9th Cir. 2009) ...........................................................................5

*Spooner v. EEN, Inc.*, 644 F.3d 62 (1st Cir. 2011) ................................................8

*United Steelworkers of America v. Phelps Dodge Corp.*,
  896 F.2d 403 (9th Cir. 1990) ...........................................................................8

*Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal. App. 4th 1338 .......................4

**Statutes**

Cal. Code Civ. Proc. § 1021 ...................................................................................4

**Rules**

Fed.R.Civ.P. 54(d) ..................................................................................................5

L.R. 16-4.5 ..............................................................................................................1

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to L.R. 16-4.5, plaintiff Trowbridge Sidoti LLP ("Plaintiff") hereby submits its memorandum of points and authorities in support of its Motion for Attorneys' Fees against Defendants Kim Lisa Taylor ("Taylor") and Syndication Attorneys, PLLC ("SAP" and, together with Taylor, "Defendants"), as follows.

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Trowbridge Sidoti LLP, as the successor-in-interest of the partnership Trowbridge Taylor & Sidoti, LLP, seeks attorneys' fees against its former partner defendant Kim Taylor. Plaintiff has prevailed in its claim on the primary issue of establishing its title and ownership of the partnership property, namely the domain registrations at issue at trial. After initiating the present action on April 26, 2016, the case concluded with a jury verdict on the merits finding for plaintiff's claim that it held title to disputed partnership property comprising various domain names. Judgment in the case further provided that defendants wrongfully converted plaintiff's property. Finally, defendants' counterclaim for an accounting was dismissed with prejudice after a settlement.

In short, plaintiff completely prevailed on the core issue regarding ownership of partnership property, namely conversion of the domain names. Because the Trowbridge Taylor & Sidoti, LLP partnership was governed by a partnership agreement entitling plaintiff to damages and attorneys' fees, defendant is liable for plaintiff's attorneys' fees for the action.

\\
\\
\\
\\
\\
\\

## II. BACKGROUND FACTS

1. Defendant Kim Taylor is the former partner of plaintiff Trowbridge Sidoti, LLP's predecessor-in-interest, the partnership Trowbridge, Taylor & Sidoti LLP (the "Partnership"). Defendant Kim Taylor and the Partnership was governed by a partnership agreement dated January 1, 2014. *See* Complaint, Dkt. #1, Exhibit D or Trial Ex. 9 now attached to the Declaration of Ben T. Lila in Support of Motion for Attorneys' Fees, ("Lila Decl.") Ex. A.

2. The current action and trial thereon arose from defendants' assertion of ownership of the Partnership's property comprising various Internet domain names after Kim Taylor left the Partnership. *See* Complaint, Dkt. #1.

3. Since Kim Taylor left the Partnership and to date, defendants have maintained possession and control of the Partnership's property. Indeed, during the pendency of the lawsuit, defendants wrongfully used their control over the domain names by disrupting web and email traffic over the Internet meant to be directed to plaintiff. Defendants further demanded and received payment to cease the disruptions. Lila Decl. ¶16.

4. Kim Taylor filed a counterclaim for an Accounting of the Partnership alleging fraud, financial mismanagement, and breaches of fiduciary duty. Counterclaim, Dkt. #11.

5. Following a verdict at trial, the jury and Court concluded that plaintiff as a successor-in-interest of the Partnership owned title to all the disputed Domain Names. Defendants' counterclaim was dismissed with prejudice during trial. Jury Verdict, Dkt. #108 and Judgment, Dkt. #122.

6. The jury further found that defendants had converted Partnership Property, namely the domain names. *Id.*

7. Defendants' Counterclaim provided no substantive relief for defendants as the claim was settled during trial. Complaint, Dkt. #1 & Judgment, Dkt. #122.

8. Plaintiff is concurrently filing a Motion for Permanent Injunction to obtain the equitable relief of returning the Partnership Property to plaintiff. Dkt. #126.

9. Paragraph 19 of the partnership agreement provides that all property of the Partnership shall be owned by the Partnership as an entity and that: "No Partner shall have any ownership interest in the Partnership property in his or her own individual name or right." Lila Decl., Ex. A, ¶19.

10. Paragraph 16.3 of the Partnership Agreement provides:

**Payments Reduced for Amounts Owing from Dissociated Partners**

> The payments due to Dissociated Partners under this Article 16 may be reduced for amounts owing by the Dissociating Partner to the Partnership, including any damages owing as a result of any breach of this Partnership Agreement.

Lila Decl. Ex. A, ¶ 16.3.

11. Paragraph 17 of the Partnership Agreement provides:

**17. Consequences of Violation of Covenants**

> If a Partner breaches any provision of this Partnership Agreement (a "Breaching Partner"), then, in addition to all other rights and remedies available to the Partnership, **the Breaching Partner shall be liable in damages, without requirement of a prior accounting, to the Partnership for all costs and liabilities that the Partnership or any Partner may incur as a result of such breach, including reasonable attorneys' fees** incurred in connection with the breach and in connection with recovery of damages from the Breaching Partner. The Partnership may apply any distribution otherwise payable to the Breaching Partner to satisfy any claims it may have against the Breaching Partner.

Lila Decl. Ex. A, ¶ 17. (emphasis added.) Defendant Kim Taylor breached and violated the Partnership Agreement and damaged the Partnership by converting Partnership Property. Accordingly, plaintiff respectfully requests an award of attorneys' fees.

### III. LEGAL STANDARDS FOR RECOVERY OF ATTORNEYS' FEES

Courts have discretion to award actual attorneys' fees, so long as such fees are reasonably incurred. *Figure Eight Holdings, LLC v. Dr. Jay's, Inc.*, 2011 U.S. Dist. LEXIS 134089 (C.D. of Cal. Nov. 18, 2011). Pursuant to California law, California Code of Civil Procedure section 1021 provides the basic right to an award of attorney fees. *See Brusso v. Running Springs Country Club, Inc.* (1991) 228 Cal.App.3d 92, 101. It states: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided." The Court in *Xuereb v. Marcus & Millichap, Inc.* explained:

> Under this statute, the allocation of attorney fees is left to the agreement of the parties. There is nothing in the statute that limits its application to contract actions alone. It is quite clear from the case law interpreting Code of Civil Procedure section 1021 that parties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract.

*Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal. App. 4th 1338, 1341 (citations omitted). In particular, attorneys' fees are recoverable on an action for conversion. *Gonzales v. Pers. Storage, Inc.* (1997) 56 Cal.App.4th 464, 480. The Court in *Gonzales*, *supra,* held, "Because the attorney fee clause in the lease expressly permitted recovery to either party in the event of a tort action, Gonzales cannot be denied recovery of attorney fees solely because she was successful in the tort portions of her lawsuit." *Id.* at 480. Here, any violation of the partnership agreement by a partner resulting in costs or liabilities to the partnership allows recovery of attorneys' fees. *See* Lila, Exhibit A, ¶17. Accordingly, attorneys' fees are available in the present action.

With regard to the amount awarded, trial judges "are in the best position to assess the value of the professional services rendered in their courts." *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1321.

## IV.   ARGUMENT

### A.   Plaintiff's Claim for Conversion Was Meritorious.

Plaintiff is the prevailing party in this action pursuant to Fed.R.Civ.P. 54(d). The Ninth Circuit explained that the "party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d)." *San Diego Police Officers Ass'n v. San Diego City Employees' Retirement Sys.*, 568 F.3d 725, 741 (9th Cir. 2009). Moreover, it is not necessary for a party to prevail on all of its claims to be determined the "prevailing party." *Id.* Here, Plaintiff prevailed on the core issue of the dispute, namely the ownership of the Partnership Property, i.e. the domain names. Complaint, Dkt. #1. & Judgment, Dkt. #122. One partner can be liable to another for conversion of partnership property. *Oakdale Vill. Grp. v. Fong* (1996) 43 Cal. App. 4th 539, 546. Furthermore, intangible property may be the proper subject of a conversion claim. *See Am. Bankers Mortgage Corp. v. Fed. Home Loan Mortgage Corp.*, 75 F.3d 1401, 1411 (9th Cir. 1996).

During the pendency of the lawsuit, defendants wrongfully used their custody and control over the domain names by abruptly stopping web and email traffic over the Internet meant to be directed to plaintiff. As a result, clients attempting to reach plaintiff's law firm temporarily had their emails rejected. Defendants went as far as to leverage payments from plaintiff during the lawsuit to cease its wrongful disruption. Lila Decl. ¶16. Defendants actions were clearly flagrant and intended to harm plaintiff. Indeed, despite the verdict and judgment in the case, defendants continue to wrongfully maintain possession and control of the partnership property domains.

The Jury's verdict and judgment in the case is unequivocal in ruling in plaintiff's favor. The disputed domain names were partnership property that should be transferred back to plaintiff. Jury Verdict, Dkt. #108 and Judgment, Dkt. #122 and Cal. Civ. Code §3380. Thus, defendants' possession and use of the partnership property domains was wrongful and harmed the Partnership. As such, plaintiff is entitled to recover its attorneys' fees per the paragraph 17 of the Partnership Agreement. Lila Decl. Ex. A.

### B.     Plaintiff Requests Reasonable Attorneys' Fees.

**1. The lodestar method for calculating attorneys' fees is appropriate.**

In determining a reasonable attorneys' fee amount, District courts typically use the "lodestar" method. *See Hensley v. Eckerhart*, 461 U.S. 424, 433-437 (1983). Under the lodestar method, the total fee is calculated by multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). Because the lodestar figure is presumptively reasonable, adjustments should be made only in rare cases. *Id.*

In assessing whether a departure from the lodestar calculation is warranted, the court may consider the twelve factors announced in *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), to the extent those factors are not subsumed in the lodestar analysis. *Morales v. City of San Rafael*, 96 F.3d 359, 363-364 (9th Cir. 1996). Factors such as the novelty and complexity of a case, the quality of an attorney's performance, and the results obtained should not be used to adjust the lodestar calculation because such factors presumably are reflected in the billing rates of counsel and the number of hours spent litigating the action. *Perdue v. Kenny A. ex. Rel. Winn*, 559 U.S. 542 (2010); *Morales*, 96 F.3d at 364 n. 9. Appropriate supporting documentation includes counsel's contemporaneous time and billing records and information establishing the usual and customary rates in

the marketplace for comparably credentialed counsel. *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295-96 (1st Cir. 2001).

### 2. Plaintiff's Counsel's Number of Hours Were Reasonable.

Plaintiff submits the Declaration of Ben Lila ("Lila Decl.") and supporting exhibits attached thereto, in order to show the number of hours expended by plaintiff's attorneys and their respective rates billed to Trowbridge Sidoti. Trowbridge Sidoti was provided with monthly invoices of the hours and amounts billed. Lila Decl. ¶ 4, Ex. B. If the Court requires, plaintiff is willing to submit unredacted invoices for *in camera* review by the Court. The invoices report 869.45 hours of time expended by counsel on this case. *Id*. Of these hours, plaintiff seeks recovery of attorneys' fees for 752.65 hours (based on its claim for conversion) in its lodestar calculation. Thus, the total billed time as submitted to the Court has already been pared down to ensure a reasonable determination.

Although the Court orders the parties to regularly produce and prepare joint versions of several court documents, defense counsel refused to reasonably cooperate or provide plaintiff's counsel with timely drafts, if any – forcing plaintiff's counsel to undertake the sole expense and time to prepare and file non-Joint versions. *See* Decl. of Lila, ¶17 and Dkts. #65, #66, #68, #69, #70, #76, #77, #97, #101 and #102. Defense counsels' lack of cooperation continued throughout trial and included failing to contribute in preparation, copying and indexing of all but a few of the over 140 exhibits for trial. Thus, plaintiff's hours spent preparing for trial were also reasonable.

Finally, the number of attorneys working on this litigation was reasonable. During the entirety of the case and to date, plaintiff engaged a single law firm, Mandour & Associates, APC. Conversely, defendants had two separate law firms through the entirety of the case. Thus, the number of attorneys working on plaintiff's case was reasonable.

### 3. Plaintiff's Counsel's Hourly Rates Were Reasonable.

Plaintiff also provides evidence of a reasonable hourly rate. "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Plaintiff's experienced intellectual property litigation attorneys billed at discounted rates ranging from $325 - $395 an hour. Lila Decl. ¶ 9-13 (describing plaintiff attorneys' experience).

Plaintiff's requested amount of fees is also reasonable in the light of both the lodestar amount and plaintiff's awarded monetary and non-monetary relief (*i.e.*, the permanent injunction). *See Hensley*, 461 U.S. at 436. Here, the lodestar amount is $287,101.25, which reflects the actual time expended by plaintiff's attorneys and the billed hourly rate. Lila Decl. ¶7, Ex. C. Plaintiff also anticipates a successful permanent injunction, which can be deemed even more valuable than a monetary award. *See Spooner v. EEN, Inc.*, 644 F.3d 62, 69 (1st Cir. 2011). Plaintiff's attorneys' fees request of $287,101.25 is more than reasonable in light of these considerations.

### 4. Plaintiff is Entitled to Fees for Preparing this Motion.

Trowbridge Sidoti is further seeking fees incurred in preparing this Motion for Attorneys' Fees. Attorney fee awards generally include the time spent preparing and litigating a motion to obtain a fee award ("fees on fees"). *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 981 (9th Cir. 2008). "Despite a district court's discretion in determining the amount of a fee award, it "must calculate awards for attorneys' fees using the 'lodestar' method." *Id*. at 982. Here, plaintiff's attorneys spent a total of 19.5 hours on this motion, and estimates an additional 10

hours in drafting a reply to the Opposition and attending the hearing for this motion. Lila Decl. ¶ 14. The hourly rate sought is $325 for associate time and $395 for partner time. *See* Lila Decl. ¶ 14. Thus, the lodestar amount for Trowbridge Sidoti's fees on the present motion is $10,077.50 Lila Decl. ¶ 14.

## V.   CONCLUSION

For the foregoing reasons, plaintiff Trowbridge Sidoti LLP respectfully request that the Court grant its Motion to Recover Attorneys' Fees and issue an order for defendants to pay the amount of $287,101.25 for plaintiff's attorneys' fees incurred in this litigation, and $10,077.50 for plaintiff's attorneys' fees incurred by this Motion, for a total of $297,178.75.

Respectfully submitted,

Dated: March 20, 2018

**MANDOUR & ASSOCIATES, APC**

　　　/s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for plaintiff,
TROWBRIDGE SIDOTI LLP

# **CERTIFICATE OF SERVICE**

I hereby certify that on the below date, I filed the foregoing document via the Court's CM/ECF Filing System, which will serve electronic notice of the same on the following:

Robert Peter Weiss
NARVID SCOTT LLP
15165 Ventura Boulevard, Suite 315
Encino, CA 91403
Telephone: (818) 907-8986
Facsimile: (818) 907-9896
Email: rweiss@narvidscott.com

Craig A Gelfound
ARENT FOX LLP
555 West Fifth Street 48th Floor
Los Angeles, CA 90013
Telephone: (213) 629-7400
Facsimile: (213) 629-7401
Email: gelfound.craig@arentfox.com

Attorneys for Defendants,
KIM LISA TAYLOR and
SYNDICATION ATTORNEYS PLLC

Dated: March 20, 2018                    /s/ Ben T. Lila
                                         Ben T. Lila
                                         Email: blila@mandourlaw.com